**THE ROSEN LAW FIRM, P.A.**
Brent J. LaPointe, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: blapointe@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JOHN VALENTINE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> COMPASS MINERALS INTERNATIONAL, INC., KEVIN S. CRUTCHFIELD, EDWARD C. DOWLING, JR., LORIN CRENSHAW, and JENNY HOOD, <br><br> Defendants. | **CASE No.: 2:24-cv-02165-EFM-GEB** <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOHN VALENTINE TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** <br><br> **CLASS ACTION** |

Plaintiff John Valentine ("Movant" or "Valentine") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the securities of Compass Minerals International, Inc. ("Compass Minerals" or the "Company") between November 29, 2023 and March 22, 2024, both dates inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On April 24, 2024, this action was filed asserting claims under the Exchange Act against Compass Minerals, Kevin S. Crutchfield, Edward C. Dowling, Jr., Lorin Crenshaw, and Jenny Hood (collectively, "Defendants"). Dkt. No. 1. That same day, an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff, was issued. *See* Ex. 1 hereto.

Compass Minerals describes itself as a "leading global provider of essential minerals[.]" Dkt. No. 1 at 3. Its principal executive offices are located in Overland Park, Kansas. *Id.* Its common stock trades on the New York Stock Exchange (the "NYSE") under the ticker symbol "CMP." *Id.* Pertinent to this action, the Company, through a subsidiary ("Fortress"), produces fire retardants, which are designed to help to "slow, stop and prevent wildfires." *Id.* Further, in 2023, Compass Minerals' fire retardant products were only sold to the United States Forest Service (the "USFS"). *Id.*

The complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Compass Minerals overstated the likelihood that it would be awarded a renewed U.S. Forest Service contract for the use of its proprietary magnesium chloride-based aerial fire retardants for the 2024 fire season, as a result of safety issues presented by its fire retardant; (2) Compass Minerals materially overstated the extent to which testing had confirmed that its fire retardants were safe; and (3) as a result, Defendants' statements about its business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all times. *Id.* at 9.

Then, on March 25, 2024, before the market opened, the Company issued a press release entitled "Compass Minerals Announces the Company Will Not Secure a USFS

Contract to Supply Magnesium Chloride-Based Aerial Fire Retardants for the 2024 Fire Season." *Id.*

It stated, in pertinent part, that the "[USFS] has informed the company that it will not be entering into a contract for the use of magnesium chloride-based aerial fire retardants for the 2024 fire season." *Id.* at 9-10. It further stated that "[d]uring scheduled winter airtanker inspections as part of the USFS' Integrated Operational Field Evaluation (I-OFE), it was discovered that certain airtankers that had flown Fortress North America's (Fortress') proprietary, magnesium chloride-based aerial fire retardants revealed significant signs of corrosion in areas where build-up of the retardant had occurred." *Id.* at 10. Accordingly, "[t]he findings from this more extensive inspection raised aircraft safety concerns[.]" These concerns "prompt[ed] the USFS' decision to inform Compass Minerals on March 22, 2024 that it would be 'unable to define the scope and associated terms and conditions of a new contract' with the company until the National Transportation Safety Board (NTSB) and National Institute of Standards and Technology (NIST) conducted a coordinated, independent assessment of the findings." *Id.*

On this news, the price of Compass Minerals stock fell $3.00 per share, or 17.09%, to close at $14.55 on March 25, 2024. The next day, Compass Minerals stock fell a further $0.86 per share, or 5.91%, to close at $13.69. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

3

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice…;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965, at * 1 (D. Utah Aug. 16, 2006).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.    Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.    Movant Has the Largest Financial Interest in the Action

4

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Nature's Sunshine*, 2006 WL 2380965, at * 1. "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, Courts in the Tenth Circuit have recognized that the financial loss is the most significant factor. *See, e.g.*, *Darwin v. Taylor*, C.A. No. 12-cv-01038-CMA-CBS, 2012 WL 5250400 at *2 (D. Colo. Oct. 23, 2012) ("[C]ourts routinely look to the movant's financial loss as the most significant factor in assessing his financial interest in the actions."); *See also In re NPS Pharm., Inc.*, No. 2:06-cv-00570-PGC-PMW, 2006 WL 6627948, at *1-2 (D. Utah Nov. 17, 2006) (same).

Movant lost approximately $29,073 in connection with his purchases of Company securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Company securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *See Lane v. Page,* 250 F.R.D. 634, 640 (D.N.M. 2007).

Moreover, of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. *See, e.g., In re Sprint Corp. Sec. Litig.,* 164 F. Supp. 2d 1240, 1242 (D. Kan. 2001). Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *NPS Pharm.*, 2006 WL 6627948, at \*2 (citing *Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 680 (D. Utah 2004) ("For the purposes of a motion for appointment of lead plaintiff under Rule 23, it is proper to limit a court's inquiry into the final two prongs of Rule 23(a), typicality and adequacy.")).

### 1.      Movant's Claims are Typical

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.      Movant Is Adequate

The adequacy of representation of Rule 23 is established where the representative: (a) retained able and experienced counsel and (b) the representative has no fundamental conflicts of interest with the interests of the class as a whole. *In re Intelcom Grp. Inc. Sec. Litig.*, 169 F.R.D. 142, 149 (D. Colo. 1996).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant and should be appointed Lead Plaintiff. Further, Valentine lives in Whippany, New Jersey.

### II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class."15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh*, 306 F.3d 726, 733 (9th Cir. 2002). Here, Movant has selected Rosen as the proposed Lead Counsel for the Class.

The firm has been actively researching Movant's and Class Plaintiffs' claims, including filing this action, reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**<u>CONCLUSION</u>**

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: June 24, 2024                    Respectfully submitted,

8

**THE ROSEN LAW FIRM, P.A.**
/s/ Brent J. LaPointe
Brent J. LaPointe, Esq., D. Kan # 78539
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: blapointe@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff
and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Brent J. LaPointe