IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN VALENTINE, individually, and on behalf of all others similarly situated,

*Plaintiff,*

v.

Case No. 24-2165-EFM-ADM

COMPASS MINERALS INTERNATIONAL, INC., et al.,

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff John Valentine brings this putative class action under the Private Securities Litigation Reform Act of 1995 ("PSLRA") against Defendants Compass Minerals International, Inc. ("Compass"), Kevin S. Crutchfield, Edward C. Dowling, Jr., Lorin Crenshaw, and Jenny Hood. He alleges the Defendants violated sections of the Securities Exchange Act of 1934 and rules promulgated thereunder. Before the Court is John Valentine's Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel (Doc. 13). For the reasons discussed herein, the motion is granted.

### I. Factual and Procedural Background

Compass is a publicly traded company, with one aspect of its business devoted to developing fire retardants. The individual named Defendants are, or were, Compass officers who

participated in management of the company. Valentine purchased Compass securities in March of 2024.

On November 29, 2023, Compass filed its 2023 annual report with the U.S. Securities and Exchange Commission. Valentine alleges that Compass misrepresented several aspects of its business in the 2023 annual report and in subsequent statements made by Defendants. Specifically, Valentine asserts that Compass overstated the likelihood that it would be awarded a renewed contract with the United States Forest Service ("USFS") for the use of its proprietary magnesium chloride-based aerial fire retardants for the 2024 fire season. Additionally, he contends that Compass overstated the extent to which testing had confirmed that its fire retardants were safe.

On March 25, 2024, Compass announced that it would not secure a contract with the USFS to supply magnesium chloride-based fire retardants for the 2024 fire season. Upon this announcement, Compass's stock price fell 17.09% that day and an additional 5.91% the next day.

On April 24, 2024, Valentine filed this putative class action alleging that Defendants' acts and omissions caused him and others who acquired Compass securities to suffer significant losses and damages. That same day, he published a notice of this lawsuit with PR Newswire. The complaint and notice define the purported plaintiff class as individuals who purchased Compass's publicly traded securities between November 29, 2023 and March 22, 2024. On June 24, 2024, Valentine filed the present motion. Defendants did not file a response. Neither did any other prospective class member file a response or motion for appointment as lead plaintiff.

## II.   Analysis

Valentine seeks appointment as lead plaintiff in this PSLRA class action and approval of his selection of lead counsel. There are several specific statutory steps that a plaintiff must satisfy

to bring a class action under the PSLRA.[1] First, a plaintiff must provide early notice to the purported class members of the action and the opportunity to serve as lead plaintiff by publishing such notice "in a widely circulated national business-oriented publication or wire service."[2] Valentine attached a copy of the conforming notice: it was published within 20 days of filing the Complaint in a national wire service and advises potential class members of the nature of the action and the opportunity to serve as lead plaintiff.[3] The Court finds that this publication satisfies the notice requirement of the PSLRA.

Next, the PSLRA instructs the court to appoint as lead plaintiff the class member who is most capable of adequately representing the interests of the prospective class members.[4] In making this determination, the court must presume that the most adequate class member to serve as lead plaintiff is (1) the one who filed the complaint, (2) has the largest financial interest in relief sought, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.[5]

Valentine easily clears the first two elements of the three-element test. First, Valentine is the one who initiated this action by filing the complaint and he is the only member of the putative class that has sought to be appointed as lead plaintiff. Second, Valentine presented evidence that he holds the largest financial interest. Moreover, the Court has not been presented with evidence to the contrary by Defendants or other members of the putative class. Accordingly, the Court finds

---

[1] *See* 15 U.S.C. § 78u-4; *see also In re Sprint Corp. Secs. Litig.*, 164 F. Supp. 2d 1240, 1242 (D. Kan. 2001) ("To be appointed lead plaintiff, the [proposed lead plaintiff] must satisfy several specific statutory requirements embedded within the PSLRA.").

[2] 15 U.S.C. § 78u-4(a)(3)(A)(i).

[3] *See id.*

[4] 15 U.S.C. § 78u-4(a)(3)(B)(i).

[5] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

that Valentine meets the first two elements of the PSLRA's statutory test for the most adequate plaintiff.

The final element asks whether Valentine satisfies the requirements of Federal Rule of Civil Procedure 23. For the purpose of determining the lead plaintiff, a court need only assess two of the four factors in Rule 23—typicality and adequacy.[6] "Typicality exists where the injury and conduct are sufficiently similar."[7] Here, Valentine's claims appear typical of all class members. He alleges that he suffered harm because he purchased Compass's publicly traded securities during the class period, and the price of those securities was affected by Defendants' representations.[8] Likewise, the Court finds that he will "fairly and adequately protect the interests of the class."[9] There is no evidence of a conflict that might impede the class's representation, and Valentine has retained experienced counsel in this matter.[10]

Because Valentine satisfies the three elements of the PSLRA's most-adequate plaintiff test, the Court presumes that Valentine is the most adequate plaintiff. This presumption may only be rebutted through evidence presented by a member of the purported plaintiff class.[11] Valentine remains the most adequate plaintiff because no purported class member has presented evidence in rebuttal, and thus, the Court appoints him as the lead plaintiff.

---

[6] *In re Sprint*, 164 F. Supp. 2d at 1243 n. 5 (noting that the other two factors—numerosity and commonality—are considered at the class certification stage of litigation).

[7] *Id.* at 1234.

[8] *See id.* at 1243-44.

[9] *Id.* at 1244.

[10] *See id.* (finding the "adequacy" factor was satisfied when there was no evidence of a conflict and the putative lead plaintiff had retained experienced counsel).

[11] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Finally, under the PSLRA, the lead plaintiff may select lead counsel, subject to the court's approval.[12] Lead Plaintiff Valentine seeks to have The Rosen Law Firm, P.A. serve as lead counsel. The Court has reviewed the firm's *curriculum vitae* and finds that the firm has the requisite knowledge, skill, and experience to serve as lead counsel. Accordingly, the Court approves Lead Plaintiff Valentine's selection of lead counsel.

**IT IS THEREFORE ORDERED** that the Motion of John Valentine to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel (Doc. 13) is GRANTED.

**IT IS SO ORDERED**.

Dated this 12th day of December, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[12] 15 U.S.C. § 78u-4(a)(3)(B)(v).