# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JOHN VALENTINE and PAUL O'RENICK, individually and on behalf of all others similarly situated, | Case No: 24-cv-02165 |
| Plaintiffs, | |
| v. | |
| COMPASS MINERALS INTERNATIONAL, INC., KEVIN S. CRUTCHFIELD, EDWARD C. DOWLING, JR., LORIN CRENSHAW, JENNY HOOD and JAMES STANDEN, | |
| Defendants. | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") dated June 30, 2025 is entered into among Lead Plaintiff John Valentine and Named Plaintiff Paul O'Renick ("Plaintiffs"), on behalf of themselves and each of the Settlement Class Members, and Defendants Compass Minerals International, Inc. ("Compass Minerals"), Kevin S. Crutchfield, Edward C. Dowling, Jr., Lorin Crenshaw, Jennifer (Jenny) Hood and James Standen (the "Individual Defendants" and, with Compass Minerals, the "Defendants"), by and through their respective counsel of record in this Action. This Stipulation is intended to fully, finally, and forever resolve, discharge, and settle all claims asserted in this Action against Defendants, subject to the approval of the United States District Court for the District of Kansas (the "Court") and the terms and conditions as set forth herein.[1]

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in Section II.B herein.

## I.    THE LITIGATION

This is a putative class action alleging claims under the federal securities laws. For purposes of this Settlement only, the Settlement Class is defined in Section II.B herein, and Plaintiffs and Defendants (the "Parties") intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event that the Settlement does not become Final.

### A.    Procedural History of the Litigation

This Action began on April 24, 2024, when Plaintiff Valentine filed a putative securities fraud class action complaint in this Court against Defendants Compass Minerals, Kevin S. Crutchfield, Edward C. Dowling, Jr., Lorin Crenshaw, and Jenny Hood alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Dkt. No. 1.

On June 24, 2024, Plaintiff Valentine moved to be appointed Lead Plaintiff in this Action, and for approval of his selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class. Dkt. Nos. 13-14.

On July 17, 2024, Plaintiff Valentine and Defendants Compass Minerals, Kevin S. Crutchfield, Edward C. Dowling, Jr., Lorin Crenshaw, and Jenny Hood filed a Joint Motion to Approve a Stipulated Schedule. Dkt. No. 20.

On July 18, 2024, Magistrate Judge Birzer granted the Joint Motion to Approve a Stipulated Schedule. Magistrate Judge Birzer's order relieved defendants of the obligation to answer or otherwise respond to the complaint and set a schedule for the filing of an amended complaint 60 days after the Court's Order on the Motion to be Appointed Lead Plaintiff and to Approve Lead Plaintiff's Selection of Counsel. Dkt. No. 21.

On December 12, 2024, the Court granted Plaintiff Valentine's Motion to be Appointed Lead Plaintiff and to Approve Lead Plaintiff's Selection of Counsel, appointing John Valentine as Lead Plaintiff and approving The Rosen Law Firm, P.A. as Lead Counsel. Dkt. No. 23.

On February 10, 2025, Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), which added Named Plaintiff O'Renick and Defendant James Standen to the parties involved in this Action. Dkt. No. 24. The Complaint alleges certain misstatements and omissions in Compass Mineral's public disclosures concerning Fortress North America ("Fortress"), and its fire retardant products.

On April 2, 2025, Defendants filed an Unopposed and Consented to Motion for Extension of Time to File a Motion to Dismiss the Amended Complaint, noting that the Amended Complaint consists of 184 paragraphs, spans 64 pages and asserts federal securities claims challenging numerous statements contained in more than eleven public disclosures. Dkt. No. 27.

On April 3, 2025, Magistrate Judge Mitchell granted the Unopposed and Consented to Motion for Extension of Time to File a Motion to Dismiss the Amended Complaint. Dkt. No. 28.

On May 1, 2025, the Parties filed a Joint Motion for Stay of Case Pending Finalization of Settlement, informing the Court that the Parties have reached an agreement in principle to settle the Action on a class-wide basis, subject to the drafting of a more detailed class settlement agreement and the submission of a motion seeking preliminary approval of the class settlement to the Court. Dkt. No. 29.

On May 2, 2025, the Court granted the Joint Motion for Stay of Case Pending Finalization of Settlement, ordering counsel to file the motion for preliminary approval of the settlement by June 30, 2025. Dkt. No. 30.

On May 21, 2025, the Parties executed a Memorandum of Understanding ("MOU"), which set forth the material terms and conditions on which the Parties have agreed to settle action.

### B.    Plaintiffs' Assessment of the Claims and Benefits of Settlement

Although Plaintiffs believe that the claims asserted in the Complaint have merit, Plaintiffs and Lead Counsel recognize the substantial risk that the Complaint may not survive Defendants' motion to dismiss, in which scenario Plaintiffs and the putative class would receive nothing. Even if Plaintiffs were to prevail against Defendants' motion to dismiss, Plaintiffs and Lead Counsel are mindful of inherent problems of proof, possible defenses to the violations asserted in the litigation, and possible limitations on damages. Plaintiffs and Lead Counsel, based upon their thorough evaluation, believe that the settlement set forth in the Stipulation is in the best interests of the Settlement Class Members and that it confers substantial benefits upon Settlement Class Members. Plaintiffs and Lead Counsel shall use their best efforts to obtain final Court approval of the Settlement.

### C.    Defendants' Denials of Wrongdoing and Liability

Defendants have denied, and continue to deny, *inter alia*, that they engaged in any wrongdoing of any kind, including, without limitation, that they committed any act or omission giving rise to any liability or violation of the law. Specifically, Defendants have denied, and continue to deny, each and all of the claims and contentions alleged in this Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in this Action. Defendants have denied, and continue to deny, that they violated or breached any law, regulation or duty owed to Plaintiffs or the Settlement Class, failed to disclose any material information to investors that was required to be disclosed, acted in any deceitful manner, or that their public statements were false or misleading, or that Plaintiffs and the Settlement Class suffered any damages or were harmed by the conduct

alleged in the Action. Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law. In addition, Defendants maintain that they have meritorious defenses to all of the claims alleged in the Action.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed as, deemed to be evidence of, or constitute an admission or finding of, any violation, fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants could have asserted in this Action. Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation. Defendants have concluded that it is desirable and beneficial that the Action be terminated in the manner and upon the terms and conditions set forth in this Stipulation.

## II.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.    Introduction

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and each of them, and Defendants, by and through their respective undersigned counsel or attorneys of record, that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

### B.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.0    "Action" means the case captioned *Valentine et al., v. Compass Minerals International Inc., et al.*, No. 2:24-cv-02165, pending in the United States District Court for the District of Kansas.

1.1    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form in accordance with the requirements established by the Court and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2    "CAFA Notice" means the proper notice of the Settlement that counsel for Defendants shall serve pursuant to section 1715 of Title 28 of the United States Code.

1.3    "Claimant" means a Settlement Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.4    "Claims Administrator" means Strategic Claims Services ("SCS"), the firm retained by Lead Counsel to administer the Settlement, including sending a mailed Postcard Notice to Settlement Class Members in the form of Exhibit A-4 hereto, or emailing Notice to Settlement Class Members, arranging for publication of Notice in the form of Exhibits A-1 and A-3 hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

1.5    "Class Period" means the period from February 8, 2023 to March 26, 2024, both dates inclusive.

1.6    "Court" means the United States District Court for the District of Kansas.

1.7    "Defendants" means Compass Minerals, Kevin S. Crutchfield, Edward C. Dowling, Jr., Lorin Crenshaw, Jennifer (Jenny) Hood and James Standen.

1.8    "Defendant Claims" means any and all claims, demands, rights, causes of action, and liabilities, whether based in law or equity, arising under federal, state, local, statutory, or common law or any other law, rule, or regulation including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the Action against Defendants, including under Rule 11 of the Federal Rules of Civil Procedure, or for any

other fees or cost shifting, except for claims relating to the enforcement of this Stipulation or the Settlement.

      1.9    "Defense Counsel" means Skadden, Arps, Slate, Meagher & Flom LLP and Husch Blackwell LLP.

      1.10    "Effective Date" means three (3) days after all of the events and conditions specified in ¶ 8.0 of the Stipulation have occurred and/or been met.

      1.11    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

      1.12    "Escrow Agent" means Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

      1.13    "Fee and Expense Application" shall have the definition as set forth herein in § II.H., *infra*.

      1.14    "Fee and Expense Award" shall have the definition as set forth herein in § II.H., *infra*.

      1.15    "Final," with respect to this Settlement, means when the last of the following with respect to the Judgment approving the Stipulation shall occur: (i) the expiration of the time to file any motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time to appeal from the Judgment without any such appeal having been filed; and (iii) if a motion to alter or amend is filed or if an appeal is filed, immediately after the determination of that motion or appeal so that the Judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of

affirmance by a court of last resort, lapse of time, voluntary dismissal of appeal, or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with the approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of Plaintiffs' counsel's attorneys' fees and expenses, payments to Plaintiffs for their expenses, the Plan of Allocation of the Settlement Fund or the procedures for determining Authorized Claimants' recognized claims. The Settlement and the degree to which it is Final are expressly not conditioned upon the Court's approval of a Fee and Expense Award to Lead Counsel or compensatory award to Plaintiffs or any appeals solely related thereto.

1.16    "Judgment" means the Order and Final Judgment to be entered by the Court approving the Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Released Claims, and dismissing the Released Claims with prejudice and without costs to any party, substantially in the form attached hereto as Exhibit B or, if not substantially in the form attached hereto as Exhibit B, in a form approved by the Court and the Parties.

1.17    "Lead Counsel" means The Rosen Law Firm, P.A.

1.18    "Long Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached as Exhibit A-1.

1.19    "Net Settlement Fund" means the Settlement Fund less any Taxes and Tax Expenses, any Fee and Expense Award to Lead Counsel and interest thereon, any compensatory award to Plaintiffs approved by the Court, and Notice and Administration Costs.

1.20    "Notice" means, collectively, the Long Notice, the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are

to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

1.21    "Notice and Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Settlement Class; mailing the Postcard Notice and publishing the Summary Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Postcard Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting claims from Settlement Class Members, assisting with the filing of claims, processing Proof of Claim and Release Forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any, as well as any other common or standard task of a Claims Administrator in a class action settlement of this type.

1.22    "Parties" means Plaintiffs, on behalf of themselves and the Settlement Class Members, and Defendants.

1.23    "Person" means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, association, joint stock company, joint venture, limited liability company or corporation, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and for each of them their respective heirs, successors-in-interest, or assigns.

1.24    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants, to be designed by Lead Counsel in its sole discretion, subject to the approval of the Court. Defendants shall have no responsibility or liability with respect to any Plan of Allocation.

1.25    "Preliminary Approval Order" means an order by the Court, as set forth as Exhibit A hereto, (1) preliminarily certifying the Settlement Class for settlement purposes only, (2) preliminarily approving the Settlement, (3) scheduling a Settlement Fairness Hearing, and (4) authorizing Notice thereof to the Settlement Class and related matters.

1.26    "Postcard Notice" means the postcard notice to be sent to Settlement Class Members, substantially in the form attached hereto as Exhibit A-4, and which shall contain information relating to, among other things, how to access the Long Notice, Stipulation, and file a Proof of Claim.

1.27    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit A-2.

1.28    "Released Claims" means the Settlement Class Claims and the Defendant Claims.

1.29    "Released Defendants' Parties" means Defendants and any of Defendants' current or former parents, subsidiaries, predecessors, successors, divisions, joint ventures and general or limited partnerships, and each of their respective current or former assigns, affiliates, divisions, groups, shareholders, licensees, licensors, officers, directors, trustees, partners, contractors, auditors, principals, agents, managing agents, employees, attorneys (including Defense Counsel), accountants, investment bankers, underwriters, insurers, or reinsurers in their capacities as such, as well as each of the immediate family members, heirs, executors, personal or legal

representatives, estates, beneficiaries, predecessors, successors and assigns of the Individual Defendants and other individuals referred to in this paragraph.

1.30    "Released Parties" means Released Plaintiffs' Parties and, Released Defendants' Parties.

1.31    "Released Plaintiffs' Parties" means Plaintiffs and Lead Counsel.

1.32    "Releasing Plaintiffs' Parties" means Plaintiffs and the other members of the Settlement Class, together with their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, agents, immediate family members, heirs, joint tenants, tenants in common, beneficiaries, representatives, administrators, executors, insurers, devisees, legatees, and estates.

1.33    "Releases" means the release of Released Claims against Released Parties pursuant to ¶¶ 5.0–5.3.

1.34    "Settlement" means the settlement contemplated by this Stipulation.

1.35    "Settlement Amount" means the Settlement consideration for a full and complete settlement of all Released Claims being paid or being caused to be paid by Compass Minerals or Defendants' insurers in the amount of four million nine hundred thousand dollars ($4,900,000.00).

1.36    "Settlement Class" means, for purposes of this Settlement only, all Persons who purchased or otherwise acquired Compass Minerals securities during the Class Period. Excluded from the Settlement Class are (1) Defendants and their immediate families; (2) the present and former officers and directors of Compass Minerals; and (3) any entity in which any of the Defendants, or any person excluded under this sentence, has or had a controlling interest at all relevant times. Also excluded from the Settlement Class are those Persons who submit a valid and timely request for exclusion in accordance with the Preliminary Approval Order.

1.37    "Settlement Class Claims" means any and all claims, rights, demands, suits, actions, appeals, liabilities, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, both known and Unknown Claims, whether or not concealed or hidden, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, that have been or could have been asserted in any forum, in any capacity, arising out of, based upon or related in any way to the purchase, acquisition, sale, or ownership of Compass Minerals securities during the Class Period, including without limitation any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, representations, or omissions involved, set forth, referred to, or that have been or could have been asserted in the Action, including those relating to Fortress and the fire retardant products. Settlement Class Claims do not include (i) any claims relating to the enforcement of the Settlement, (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court, or (iii) any claims in the actions styled: (a) *Morelli v. Crutchfield*, No. 2:24-cv-2496 (D. Kan.); (b) *Assad v. Crutchfield*, No. 2:25-cv-2186 (D. Kan); (c) *Morelli v. Malecha*, No. 2:24-cv-02495 (D. Kan.); (d) *Stein v. Crutchfield*, No. 2:23-cv-02038 (D. Kan.); or (e) *Local 295 IBT Employer Group Welfare Fund v. Compass Minerals International, Inc.*, No. 2:22-cv-02432.

1.38    "Settlement Class Member" means a Person that is a member of the Settlement Class that does not exclude himself, herself or itself by filing a valid request for exclusion in

accordance with the requirements set forth in the Notice. "Settlement Class Members" means all such Persons.

1.39    "Settlement Distribution Order" means the Order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted by potential Settlement Class Members; approving of any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator; and directing the distribution of the Net Settlement Fund to Authorized Claimants.

1.40    "Settlement Fairness Hearing" means a hearing to be held before the Court to determine whether the proposed Settlement of the Action on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel for their efforts and any compensatory awards that should be awarded to Plaintiffs for their service to the Settlement Class; to hear any objections by Settlement Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel or compensatory award to Plaintiffs; and to consider such other matters as the Court may deem appropriate.

1.41    "Settlement Fund" means the Settlement Amount plus all interest thereto before any of the expenditures authorized herein, the payment of which will reduce it as described in the Net Settlement Fund definition, *supra*.

1.42    "Summary Notice" means the Summary Notice of Pendency and Proposed Class Action Settlement to be published on a national business newswire, substantially in the form attached as Exhibit A-3.

1.43    "Taxes" and "Tax Expenses" means: (i) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (ii) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶ 2.8 of the Stipulation, including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

1.44    "Unknown Claims" means and includes (i) any and all Settlement Class Claims that Plaintiffs or any Releasing Plaintiffs' Party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendants' Parties which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, or might have affected his, her or its decision not to object to this Settlement or seek exclusion from the Settlement Class; and (ii) any and all Defendant Claims that any Defendant does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to the Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Releasing Plaintiffs' Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, Defendants and the Releasing Plaintiffs' Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or

believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Releasing Plaintiffs' Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released the Released Claims, in each case known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and the Releasing Plaintiffs' Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settlement Class Claims and Defendant Claims was separately bargained for and a material element of the Settlement.

### C. The Settlement

#### a. Settlement Amount

2.0     In consideration of the full and final settlement of the Settlement Class Claims, Compass Minerals shall pay, or cause to be paid by Defendants' insurers, the total Settlement Amount of four million nine hundred thousand dollars ($4,900,000). The Settlement Amount shall be paid in two installments. First, Compass Minerals shall pay or cause to be paid by Defendants' insurers an initial payment toward the Settlement Amount in the sum of one hundred twenty five thousand dollars ($125,000) by wire transfer or check into the Escrow Account within fifteen (15) business days after the later of (i) the Court granting Preliminary Approval of the Settlement, and (ii) the receipt by Defense Counsel of complete payment instructions, including the bank name and ABA routing number, and a signed Form W-9 providing the tax identification number for the

Escrow Account. Second, Compass Minerals shall pay or cause to be paid by Defendants' insurers the remainder of the Settlement Amount of four million seven hundred seventy-five thousand dollars ($4,775,000) by wire transfer or check into the Escrow Account within sixty (60) days after the later to occur of (i) the Court granting Preliminary Approval of the Settlement, and (ii) the receipt by Defense Counsel of complete payment instructions, including the bank name and ABA routing number, and a signed Form W-9 providing the tax identification number for the Escrow Account.

2.1    Defendants' and Defendants' insurers' sole financial obligation to Plaintiffs, the Settlement Class Members and Lead Counsel under this Stipulation shall be as set forth in ¶ 2.0, and under no circumstances shall Defendants or Defendants' insurers have any obligation to make any other or greater payment to them for any purpose pursuant to the Settlement. All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, the Fee and Expense Award by the Court to Lead Counsel, and any compensatory award to Plaintiffs as awarded by the Court, and all administrative and other approved expenses of the Settlement, including Taxes and Tax Expenses, shall only be paid from the Settlement Fund.

### b.    The Escrow Agent

2.2    At the written direction of Lead Counsel, the Settlement Fund shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government. At Lead Counsel's direction, the Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market

rates. Defendants, Defense Counsel, and the Released Defendants' Parties shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

### c.    Handling and Disbursement of Funds by the Escrow Agent

2.3    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defense Counsel and Lead Counsel. Defendants, Defense Counsel, and the Released Defendants' Parties have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Defendants, Defense Counsel and the Released Defendants' Parties harmless for any transaction executed by the Escrow Agent.

2.4    No monies will be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶ 2.6–2.7 regarding Notice and Administration Costs, ¶ 2.8 regarding Taxes, and ¶ 7.1 regarding Attorneys' Fees and Expenses.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court. Upon the Effective Date and thereafter, there shall be no reversion whatsoever of any of the Settlement Amount to any of the Defendants or the Released Defendants' Parties.

### d.    Notice and Administration Costs

2.6    At any time after entry of the Preliminary Approval Order, Lead Counsel may, without further approval from the Court or Defendants, disburse up to $125,000 from the Settlement Fund to pay reasonable and necessary Notice and Administration Costs prior to the Effective Date. After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional, reasonable, and necessary additional Notice and Administration Costs without further order of the Court.

2.7    Plaintiffs and Lead Counsel, Defendants and Defense Counsel, and the Released Parties shall not bear any responsibility or liability for Notice and Administration Costs, nor shall they have any responsibility or liability for any claims with respect thereto. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendants' Parties and their counsel harmless for any Notice and Administration Costs.

### e.    Taxes

2.8    The following provisions shall govern the treatment of Taxes and Tax Expenses:

(a)    The Escrow Agent will, to the extent possible, agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent timely and properly to prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.8(a)) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)    All Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes that may be imposed upon the Defendants or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) Tax Expenses incurred in connection with the operation and implementation of this ¶ 2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to fling (or failing to file) the returns described in this ¶ 2.8), shall be paid out of the Settlement Fund; in all events, the Defendants shall have no liability or responsibility for the Taxes or Tax Expenses.

(d)    Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court but shall not be considered or treated as part of the Notice and Administration Costs.

(e)    Defendants, Defense Counsel, Released Parties, Plaintiffs, Settlement Class Members, and Lead Counsel shall have no liability or responsibility for Taxes and Tax Expenses.

The Escrow Agent shall indemnify and hold each of them harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)    The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay expenses relating to the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). Neither Defendants, Defense Counsel, Released Parties, Plaintiffs, the Settlement Class Members nor Lead Counsel are responsible therefor, nor shall they have any liability with respect thereto.

(g)    The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.

### f.    Termination of Settlement

2.9    Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to Lead Counsel within ten (10) business days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; or (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit. Notwithstanding any preliminary approval that may be provided by the Court, Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to Lead Counsel within ten (10) business days of: (c) the Court's declining to enter the proposed Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any

Plan of Allocation, Fee and Expense Award, or compensatory awards to Plaintiffs shall not be considered material to this Stipulation and shall not be grounds for termination unless such decision also modifies or affects another term of this Stipulation, including, without limitation, the Releases provided here—in which case such decision shall be an event of termination. If any of the events described in ¶¶ 2.9(a), (b), (c), or (d) above occurs but the Court grants leave to amend and resubmit, the Parties shall meet and confer to discuss whether to amend and resubmit the Stipulation. If the Parties cannot reach agreement on how to amend and resubmit the Stipulation, Defendants shall have the right to terminate the Settlement and this Stipulation, notwithstanding any preliminary approval that may be provided by the Court, by providing written notice of their election to do so to Lead Counsel within ten (10) business days of the date the Parties reach impasse on how to amend and resubmit the Stipulation, which shall in any event be no later than forty (40) days from the date the Court grants leave to amend and resubmit the Stipulation.

2.10    Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of Plaintiffs' election to do so to Defense Counsel within ten (10) business days of: (a) the Court's declining to enter the proposed Preliminary Approval Order in any material respect without leave to amend and resubmit; or (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit. Notwithstanding any preliminary approval that may be provided by the Court, Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to Defense Counsel within ten (10) business days of:  (c) the Court's declining to enter the proposed Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory awards to Plaintiffs shall not be

considered material to this Stipulation and shall not be grounds for termination unless such decision also modifies or affects another term of this Stipulation, including, without limitation, the Releases provided here—in which case such decision shall be an event of termination.  If any of the events described in ¶¶ 2.10 (a), (b), (c), or (d) above occurs but the Court grants leave to amend and resubmit the Stipulation, the Parties shall meet and confer to discuss whether to amend and resubmit the Stipulation. If the Parties cannot subsequently reach agreement on how to amend and resubmit the Stipulation, Plaintiffs shall have the right to terminate the Settlement and this Stipulation, notwithstanding any preliminary approval that may be provided by the Court, by providing written notice of Plaintiffs' election to do so to Defense Counsel within ten (10) business days of the date the Parties reach impasse on how to amend and resubmit the Stipulation, which shall in any event be no later than forty (40) days from the date the Court grants leave to amend and resubmit the Stipulation.

2.11    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.0 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendants, shall have the right to: (a) terminate the Settlement; or (b) apply to the Court to enforce the terms of the Settlement and this Stipulation, but only if (i) Lead Counsel has first notified Defense Counsel in writing of Plaintiffs' intent to terminate or pursue a judgment pursuant to this paragraph, and (ii) the entire Settlement Amount is not deposited in the Escrow Account within ten (10) business days after Lead Counsel has provided such written notice.

2.12    If, before the Settlement Fairness Hearing, any persons who otherwise would be members of the Settlement Class have timely filed for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such persons in the aggregate equal or exceed a percentage of alleged damages (as

determined by the Plan of Allocation) specified in a separate Supplemental Agreement between the Parties, Defendants shall have the option to terminate the Settlement and this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises among the Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal. Notwithstanding the foregoing, Defendants may include a redacted copy with any notice provided pursuant to CAFA.

2.13    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; or (ii) Plaintiffs exercise their right to terminate this Settlement as provided in this Stipulation, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice, and this Stipulation shall be null and void and shall have no further force or effect, and may not be used or offered into evidence for any purpose (except for ¶¶ 2.9, 2.10, 2.11, 2.12, 8.2, 8.3, 8.4, 9.1, and 9.16).

(b)    The Settlement Amount, including any interest accrued thereon, less expenses actually incurred or due and owing for the Notice and Administration Costs pursuant to ¶ 2.6 above and for the Taxes and Tax Expenses pursuant to ¶ 2.8 above, shall be refunded by check or wire transfer within fifteen (15) calendar days in accordance with the instructions to be provided by Defense Counsel; and

(c)     The Parties shall revert to their respective positions in the Action as of May 2, 2025.

**D.     Class Certification**

3.0     For the sole purpose of this Settlement, the Parties hereby stipulate, agree, and consent to: (i) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (b) appointment of Plaintiffs as class representatives; and (c) appointment of Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g). Following execution of this Stipulation, Plaintiffs, with Defendants' consent, shall apply to the Court for entry of the Preliminary Approval Order, substantially in the form attached as Exhibit A hereto, which will certify the Action to proceed as a class action for settlement purposes only. The preliminary certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

3.1     The Parties' agreement as to certification of the Action is solely for purposes of effectuating a settlement and for no other purpose. Defendants retain all of their objections, arguments, and defenses with respect to class certification, and reserve all rights to contest class certification, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to become effective. The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to become effective, this agreement as to certification of the Action becomes null and void *ab initio*, and this Stipulation or any other settlement-related statement may not be cited for any purpose including but not limited to class

24

certification, or in support of an argument for certifying a class for any purpose related to this or any other proceeding.

### E.    Preliminary Approval Order, Notice, and the Settlement Fairness Hearing

4.0    Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall request entry of a Preliminary Approval Order (substantially in the form of Exhibit A) that will, *inter alia*, (1) grant preliminary approval to the Settlement; (2) certify the Settlement Class for settlement purposes only; (3) authorize dissemination of notice to the Settlement Class substantially in the form of Exhibits A-1, A-3, and A-4 hereto, along with provision of a Proof of Claim and Release Form substantially in the form of Exhibit A-2; and (4) schedule the Settlement Fairness Hearing.

4.1    The Notice shall describe the Settlement; the proposed Plan of Allocation; the requests for a Fee and Expense Award for Lead Counsel and a compensatory award to Plaintiffs; the date of the Settlement Fairness Hearing; Settlement Class Members' rights to opt out, object, or otherwise be heard with regard to these matters; and Settlement Class Members' opportunity to file claims upon the Settlement Fund. The Stipulation, Notice, Proof of Claim and Release Form, and all papers submitted in support thereof, shall be posted on a website to be maintained by the Claims Administrator.

4.2    Within ten (10) business days following the filing of this Stipulation with the Court, Defendants shall serve, or cause to be served, the CAFA Notice. Fourteen (14) days prior to the Settlement Fairness Hearing, Defendants will file with the Court a letter regarding compliance with the CAFA notice requirements.

4.3    Within ten (10) business days after the Court enters a Preliminary Approval Order, Compass Minerals shall assist the Claims Administrator in obtaining, from Compass Minerals' transfer agent, at no cost to Plaintiffs or Lead Counsel, records of ownership, to the extent

available, to identify Settlement Class Members. The list of record owners shall be provided in an electronic format, such as an Excel spreadsheet, to the extent such list is readily available in such a format, and shall contain the names and addresses (and email addresses, if available).

**F.    Releases**

5.0    The obligations incurred pursuant to this Stipulation shall be in full and final settlement of the Action as to Plaintiffs, Defendants, their respective Released Parties, and any and all Released Claims.

5.1    Upon the Effective Date of this Settlement, each and every one of the Releasing Plaintiffs' Parties, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Settlement Class Claims against each and every one of the Released Defendants' Parties, and shall be forever barred and enjoined from commencing, instituting, assisting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any of the Settlement Class Claims against any of the Released Defendants' Parties. In addition, by operation of the Judgment, as of the Effective Date, in exchange for the mutual releases and other consideration set forth herein, including the full payment of the Settlement Amount, the Action shall be dismissed with prejudice as set forth herein.  The foregoing release is given regardless of whether the Releasing Plaintiffs' Party has: (a) executed and delivered a Proof of Claim; (b) received the Notice; (c) participated in the Settlement Fund; (d) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Plaintiffs' Counsel for attorneys' fees and

expenses; or (e) had their claims approved or allowed. Nothing contained herein shall bar any action or claim to enforce the terms of this Stipulation or the Judgment.

5.2    Upon the Effective Date of this Settlement, Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every one of the Defendant Claims against the Released Plaintiffs' Parties and shall be forever enjoined from, prosecuting each and every one of the Defendant Claims against the Released Plaintiffs' Parties.

5.3    For the avoidance of doubt, nothing in the Releases shall affect any claims, demands, rights, or causes of action and liabilities: (a) between or among Defendants; or (b) between Defendants and their insurers.

**G.    Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Settlement Fund**

6.0    The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The distribution checks will be drawn upon the Net Settlement Fund.

6.1    Defendants, Defense Counsel, and the Released Defendants' Parties shall have no involvement in reviewing or challenging claims and shall have no responsibility or liability for the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Award to Lead Counsel or compensatory award to Plaintiffs. Any such awards shall be paid solely by the Settlement Fund.

6.2    The Settlement Fund shall be applied as follows: to pay Taxes and Tax Expenses; to pay Notice and Administration Costs; to pay a Fee and Expense Award to Lead Counsel to the extent allowed by the Court; to pay a compensatory award to Plaintiffs to the extent allowed by

the Court; and, upon Court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, and the Plan of Allocation.

6.3     After the Effective Date, Lead Counsel, on behalf of Plaintiffs, shall apply to the Court, on notice to Defendants, for the Settlement Distribution Order. The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Distribution Order, only after the Effective Date and after (a) all claims have been processed; (b) all matters with respect to the Fee and Expense Application, the Fee and Expense Award, and any Settlement administration costs and expenses have been resolved by the Court and such resolution is Final; and (c) all costs of the Settlement administration have been paid. The Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(i)     Each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 hereto, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or other adequate documentation. Copies of all requests for exclusion received shall be sent to Defense Counsel and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not less than five (5) days of receipt thereof. Copies of all written retractions of requests for exclusion received shall be sent to Defense Counsel and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not less than five (5) calendar days prior to the Settlement Fairness Hearing.

(ii)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release Form, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any action against the Released Defendants' Parties concerning the Settlement Class Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

6.4    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim. No discovery shall be allowed by the Claimants, whether on the merits of the Action or Settlement or otherwise, in conjunction with the processing of the Proofs of Claim.

6.5    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. No Person shall have any claim against Plaintiffs, Lead Counsel, Defendants, Defense Counsel, the Released Parties, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.6    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation designed by Lead Counsel, to be described

in the Notice, and approved by the Court. However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), then the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization(s).

6.7    This is not a claims-made settlement. If all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or any of the Released Defendants' Parties.

6.8    Defendants, Defense Counsel, and the Released Defendants' Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the administration, management, investment, allocation or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund; (vi) the payment or withholding of any Taxes and Tax Expenses. No Person shall have any claim of any kind against Defendants, Defense Counsel, or the Released Defendants' Parties with respect to the matters set forth in ¶¶ 6.1-6.8 herein.

6.9    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court

separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

### H.    Attorneys' Fees and Expenses

7.0    Lead Counsel may submit an application or applications (a "Fee and Expense Application") for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including without limitation the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the Action; plus interest earned on such attorneys' fees and expenses. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1    Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable to Lead Counsel, solely from the Settlement Fund, immediately upon entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order.

7.2    If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) calendar days after Lead Counsel's receipt from the Court of notice of any order that reverses or

reduces any award of attorneys' fees or expenses, which shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final order.

7.3     Although they may both be addressed at the Settlement Fairness Hearing, the Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

## I.     Effect of Disapproval, Cancellation or Termination

8.0     The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

(a)     Approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Fairness Hearing, as prescribed by Fed. R. Civ. P. 23;

(b)     The Settlement Amount has been paid into the Settlement Fund;

(c)     Defendants have not exercised the option to terminate the Stipulation pursuant to the Supplemental Agreement; and

(d)     Entry by the Court of the Judgment, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final. For the avoidance of doubt, the entry of Judgment need not await the entry of the Settlement Distribution Order, which may issue by agreement of the Parties after Judgment. Also for the avoidance of doubt, the Effective Date shall not be conditioned on the entry of the Settlement Distribution Order.

8.1    Any appeal or delay in (i) the approval of the Plan of Allocation, (ii) the consideration of any Fee and Expense Application, or (iii) the granting of a compensatory award to Plaintiffs, shall not affect, alter, or delay the occurrence of the Effective Date.

8.2    Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶ 6.3 hereof. If all of the conditions specified in ¶ 8.0 herein are not met, then this Stipulation shall be canceled and terminated subject to ¶ 8.3 herein, unless Lead Counsel and Defense Counsel mutually agree in writing to proceed with the Settlement.

8.3    Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or fails to become effective for any reason, no later than ten (10) calendar days after written notification of such event is sent by Defense Counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶¶ 2.9 or 2.10 hereof, the Settlement Amount (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶ 2.6 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the Settlement pursuant to ¶ 2.4 hereof, shall be refunded by the Escrow Agent to the Defendants plus accrued interest attributable to that amount, by check or wire transfer. Such payments shall be pursuant to written instructions from Defense Counsel.

8.4    In the event this Settlement is terminated as provided in ¶¶ 2.9 or 2.10, then the terms and provisions of the Stipulation, with the exception of ¶¶ 2.9, 2.10, 2.11, 2.12, 2.13, 8.3, 8.4, 8.5, 9.1, and 9.17 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order

of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.5     In the event this Settlement is terminated as provided in ¶¶ 2.9 or 2.10, Plaintiffs, Settlement Class Members, Lead Counsel, the Claims Administrator, and the Escrow Agent shall not have any obligation to repay any Notice and Administration Costs actually and properly disbursed from the Settlement Fund. In addition, any expenses already incurred and properly chargeable to Notice and Administration Costs pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation before the balance is refunded in accordance with ¶ 8.3.

**J.      No Admission of Wrongdoing; Miscellaneous Provisions**

9.0     Defendants deny any wrongdoing, liability or violation of law or regulation whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Defendants with respect to any claim of any fault or liability or wrongdoing or damage or violation of law or regulation whatsoever, or any infirmity in any defenses that Defendants could assert in the Action or any other action.

9.1     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be deemed to be, and may not be, argued to be offered or received:

(a)     Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Defendants in this Action, or the deficiency of any defense that

has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants.

(b)    Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants.

(c)    Against any of the Defendants, Plaintiffs, Settlement Class Members, or the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Defendants, Plaintiffs, Settlement Class Members, or the Released Parties in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation. Additionally, if this Stipulation is approved by the Court, Defendants, Plaintiffs, Settlement Class Members, and the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    Against any of the Defendants or the Released Defendants' Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action;

(e)    Against Plaintiffs or Settlement Class Members or the Released Plaintiffs' Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the claims asserted in the Action are without merit, or that any defenses that could have been asserted by Defendants have merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund;

(f)     Against Plaintiffs, Settlement Class Members, Lead Counsel, or the Released Plaintiffs' Parties as evidence of, or construed as evidence of, any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action; and

(g)     As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

9.2     Defendants and/or the Released Defendants' Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, offset or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.3     The Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by the Releasing Plaintiffs' Parties against the Released Defendants' Parties concerning the Settlement Class Claims and by Defendants against the Released Plaintiffs' Parties concerning the Defendant Claims. Accordingly, the Parties agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by the Defendants in bad faith or without a reasonable basis. The Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Fed. R. Civ. P. 11 or otherwise seek reimbursement or shifting of attorneys' fees or other costs associated with this litigation. The Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining, and reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.

9.4    The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Lead Counsel and Defense Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to use reasonable best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.5    Neither Plaintiffs, Settlement Class Members, nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members or if the Plan of Allocation is modified on appeal so long as there is no impact on any other term of the Settlement, including but not limited to the Releases provided herein. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund. Nor shall it be a basis to terminate the Stipulation if the Court denies, in whole or in part, Lead Counsel's Fee and Expense Application.

9.6    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction even after entry of Judgment for the purpose of entering any orders necessary for its implementation, providing the Fee and Expense Award to Lead Counsel and Plaintiffs, ordering distribution of the Net Settlement Fund, and enforcing the terms of this Stipulation. All parties hereto submit to

the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.7     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.8     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

9.9     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.10     This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement (as described in ¶ 2.12, *supra*) constitute the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning this Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents. This Stipulation supersedes the MOU, which shall have no further force and effect.

9.11     Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or email shall be deemed originals.

9.13    This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Parties.

9.14    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles.

9.15    This Stipulation is deemed to have been prepared by Lead Counsel and Defense Counsel, as a result of arm's length negotiations among the Parties. Whereas the Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.16    Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be in writing and shall be deemed to have been duly given upon receipt of overnight courier, emailed PDF, or similar-format electronic document.  Notice shall be provided as follows:

| | |
|---|---|
| If to Plaintiffs or Lead Counsel, then to: | Laurence Rosen<br>Michael Cohen<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Tel: (212) 686-1060<br>Email: lrosen@rosenlegal.com<br>            mcohen@rosenlegal.com |
| If to Defendants or Defense Counsel, then to: | Jay B. Kasner<br>Susan L. Saltzstein<br>SKADDEN, ARPS, SLATE,<br>   MEAGHER & FLOM LLP<br>One Manhattan West |

New York, NY 10001
Tel: (212) 735-3000
Email:  jay.kasner@skadden.com
            susan.saltzstein@skadden.com

9.17    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.18    Plaintiffs shall share drafts of proposed documents to be filed in support of the motion for preliminary or final approval of the Settlement at least five (5) business days before they are to be filed with the Court. Defendants shall have the right to require revisions to any discussion or characterization of the Settlement Class's alleged damages or the Settlement Amount contained therein, and the Parties agree to work together in good faith on finalizing any such revisions.

9.19    Compass Minerals may, in its discretion, publicly announce or otherwise disclose the terms of this Settlement. Until such disclosure is made by Compass Minerals, the Parties agree that, other than disclosures required by law, there will be no public announcements regarding the Settlement. Once Compass Minerals publicly announces the Settlement or its terms are otherwise publicly disclosed, any public comments from the Parties regarding this resolution will not substantially deviate from words to the effect that the Parties have reached a mutually agreeable resolution by way of a settlement, and each Party may characterize the Settlement as favorable. This provision does not affect Plaintiffs' notice requirements under the Private Securities Litigation Reform Act, Federal Rule of Civil Procedure 23(e), or any other applicable legal requirements.

9.20    The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated June 30, 2025.

Laurence Rosen
Michael Cohen
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

*Lead Counsel for Plaintiffs and the Class*

Jay B. Kasner
Susan L. Saltzstein
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Sara A. Fevurly
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112

*Counsel for Defendants*

# EXHIBIT A

EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

JOHN VALENTINE and PAUL O'RENICK, individually and on behalf of all others similarly situated,

       Plaintiffs,

       v.

COMPASS MINERALS INTERNATIONAL, INC., KEVIN S. CRUTCHFIELD, EDWARD C. DOWLING, JR., LORIN CRENSHAW, JENNY HOOD and JAMES STANDEN,

       Defendants.

Case No: 24-cv-02165

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, Lead Plaintiff John Valentine and Named Plaintiff Paul O'Renick ("Plaintiffs"), and Defendants Compass Minerals International, Inc. ("Compass Minerals"), Kevin S. Crutchfield, Edward C. Dowling, Jr., Lorin Crenshaw, Jennifer (Jenny) Hood and James Standen ("Defendants" and together with Plaintiffs, the "Settling Parties"), through their respective counsel of record relating to the above-captioned litigation, have entered into the Stipulation of Settlement, dated June 30, 2025 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled *Valentine, et al., v. Compass Minerals International Inc., et al.,* Case No. 2:24-cv-02165 (D. Kan.) (the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and

1

finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2025, that:

1.       Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2.       Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons or entities that purchased or otherwise acquired the securities of Compass Minerals during the Class Period of February 8, 2023 to March 26, 2024, both dates inclusive. Excluded from the Settlement Class are: (1) Defendants and their immediate families; (2) the present and former officers and directors of Compass Minerals; and (3) any entity in which any of the Defendants, or any person excluded under this sentence has or had a controlling interest at all relevant times. Also excluded from the Settlement Class are those Persons who submit a valid and timely request for exclusion in accordance with this Order.

3.       This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, The Rosen Law Firm, P.A., previously selected by Plaintiffs and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

5.      The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Fairness Hearing.

6.      The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on _____, 2025 at __:___ _.m. [a date at least 100 days from the date of Preliminary Approval] for the following purposes:

        (a)     to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

        (b)     to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

        (c)     to determine finally whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of the Released Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent

injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Settlement Stipulation;

(d)    to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)    to consider the application of Class Counsel for an award of attorneys' fees and expenses and a compensatory award to the Class Representatives;

(f)    to consider Settlement Class Members' objections to the Settlement, if any, whether timely submitted in writing or presented orally at the Settlement Fairness Hearing by Settlement Class Members (or by counsel on their behalf), provided that they gave proper notice that they intend to appear at the Settlement Fairness Hearing; and

(g)    to rule upon such other matters as the Court may deem appropriate.

7.    The Court reserves the right to adjourn the Settlement Fairness Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.    The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Fairness Hearing telephonically or by other virtual means, Class Counsel will direct the Claims Administrator to update its website regarding the Settlement Fairness Hearing's telephonic or virtual format.

9.    The Court approves the form, substance and requirements of (a) the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), (b) the Summary Notice of

Pendency and Proposed Class Action Settlement ("Summary Notice", and with the Long Notice "Notice"), (c) the Postcard Notice, and (d) the Proof of Claim and Release Form ("Claim Form"), all of which are exhibits to the Settlement Stipulation.

10.     Class Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

11.     For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator and Escrow Agent to supervise and administer the notice procedure as well as the processing of claims.

12.     At any time after entry of this Order, Lead Counsel may, without further approval from the Court or defendants, disburse up to $125,000 from the Settlement Fund to pay reasonable and necessary Notice and Administration Costs prior to the Effective Date. After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional reasonable and necessary Notice and Administration Costs without further Order of the Court.

13.     To assist in dissemination of Notice, within ten (10) business days after the Court enters a Preliminary Approval Order, Compass Minerals shall assist the Claims Administrator in obtaining, from Compass Minerals' transfer agent, at no cost to Plaintiffs or Lead Counsel, records of ownership, to the extent available, to identify Settlement Class Members. The list of record owners shall be provided in an electronic format, such as an Excel spreadsheet, to the extent such list is readily available in such a format, and shall contain the names and addresses (and email addresses, if available).

14.     Class Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, a copy of the Long Notice, and the Claim Form to be posted on the Claims Administrator's website within thirty (30) calendar days after entry of this Order.

15.     Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* within thirty (30) calendar days of entry of this Order and once on *PRNewswire* within fourteen (14) calendar days after the *GlobeNewswire* publication. Class Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, serve upon Defense Counsel and file with the Court proof of publication of the Summary Notice.

16.     Class Counsel, through the Claims Administrator, shall cause the Postcard Notice, the Summary Notice, or links to the Long Notice and Claim Form, substantially in the forms annexed to the Settlement Stipulation, (i) to be mailed, where disseminating the Postcard Notice, by first class mail, postage prepaid, within twenty-eight (28) calendar days of entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator; or (ii) to be emailed, where disseminating the Summary Notice or links to the Long Notice and Claim Form, within twenty-eight (28) calendar days of the entry of this Order, to all Settlement Class Members for whom email addresses may be obtained with reasonable effort, through the Claims Administrator.

17.     Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Compass Minerals securities as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10)

calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic

copy of the Summary Notice and either email the Summary Notice in electronic format or links to

the Long Notice and Claim Form to each beneficial owner for whom they are nominee or custodian

within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with

lists of the names, last known addresses and email addresses (to the extent known) of such

beneficial owners, in which event the Claims Administrator shall promptly deliver the Summary

Notice or a link to the Long Notice and Claim Form, if email addresses are available, or the

Postcard Notice to such beneficial owners, if last known addresses are provided. If the Claims

Administrator receives an email address, it will send a Summary Notice or link to the Notice and

Claim Form electronically. Nominees or custodians who elect to email notice or send the Postcard

Notice to their beneficial owners shall send a written certification to the Claims Administrator

confirming that the emailing or mailing has been made as directed. Copies of the Postcard Notice

shall be made available to any nominee or custodian requesting same for the purpose of distribution

to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or

custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred

in providing notice to beneficial owners, which expenses would not have been incurred except for

the providing of names and addresses, in amounts up to: (i) $0.02 per name, address, and email

address provided to the Claims Administrator; (ii) $0.02 per email for emailing notice; or (iii)

$0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing

the Postcard Notice, subject to further order of this Court with respect to any dispute concerning

such reimbursement.

EXHIBIT A

18.     Class Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, serve upon Defense Counsel and file with the Court proof of the mailing and emailing of Notice, as required by this Order.

19.     As provided in ¶ 4.2 of the Stipulation, Defendants shall be responsible for the provision of notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), and shall bear all costs and expenses of providing such notice.

20.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

21.     To participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Claim Form must be submitted to the Claims Administrator electronically through the Claims Administrator's website, www.strategicclaims.net/compass by 11:59 p.m. ET on _____ __, 2025 (twenty-eight (28) calendar days prior to the Settlement Fairness Hearing). Such deadline may be further extended by Order of the Court. Each Claim Form shall be deemed to have been submitted when the Claimant receives a confirmation notice from Strategic Claims Services for electronic submission.

Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)    The Claim Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Claim Form that is deficient shall be afforded a reasonable time (at least ten (10) calendar days from the date the Claims Administrator provides notice of the deficiency) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part (either due to an uncurable deficiency, a failure to cure a deficiency, or any other stated basis) wishes to contest such rejection, the Claimant must, within ten  (10) calendar days after the date of mailing of the rejection or partial

rejection notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)     As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation.

22.    All Settlement Class Members who do not submit valid and timely Claim Forms will be forever barred from receiving any payments from the Net Settlement Fund but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Order and Final Judgment, if entered.

23.    Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall email or mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2025 (twenty-eight (28) calendar days prior to the Settlement Fairness Hearing) (the "Exclusion Deadline"), to the addresses listed in the Notice. To be valid, such request for exclusion must:

(a)     clearly indicate the name, address, phone number, and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Valentine et al., v. Compass Minerals International Inc., et al.*, No. 2:24-cv-02165 (D. Kan.)";

(b)    be signed and submitted by the Settlement Class Member under penalty of perjury; and

(c)    contain proof of the date, number of shares, and dollar amount of each purchase, acquisition, and/or sale of Compass Minerals securities during the Class Period, as well as the number of shares of Compass Minerals securities held at the opening of trading on February 8, 2023 and the close of trading on March 26, 2024.

24.    The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

25.    The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties promptly as received, and in no case later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

26.    Any Person who submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) business days before the Settlement Fairness Hearing, in which event that Person will be included in the Settlement Class.

27.    All Persons who submit valid, timely and unrevoked requests for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

28.    Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

29.    The Court will consider comments on and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, <u>provided</u>, <u>however</u>, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-eight (28) calendar days prior to the Settlement Fairness Hearing Date:

<u>CLASS COUNSEL:</u>
Laurence Rosen
Michael Cohen
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

<u>COUNSEL FOR DEFENDANTS:</u>
Jay B. Kasner
Susan L. Saltzstein
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

and that Person has (at least twenty-eight (28) calendar days prior to the Settlement Fairness Hearing date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, District of Kansas, 401 N. Market St., Wichita, Kansas 67202. To be valid, any such objection must be legible and contain: (1) the Settlement Class Member's name, address, e-mail address (if any), and telephone number; (2) a list of all purchases and sales of Compass Minerals securities during the Class Period to prove membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, their, or its counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former

12

or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, their, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Fairness Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted and served on the Parties at least ten (10) calendar days prior the Settlement Fairness Hearing) that they intend to appear at the Settlement Fairness Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.

30.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

31.    The Court reserves the right to adjourn the Settlement Fairness Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

32.     All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Settlement Fairness Hearing.

33.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

34.     Defendants shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representative submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

35.     Pending final determination of whether the Settlement should be approved, all holders of Released Claims shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

36.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

37.     Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession

by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

38.     In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to May 2, 2025, pursuant to the terms of the Settlement Stipulation.

39.     The Court reserves the right to alter the time or the date of the Settlement Fairness Hearing without further notice to Settlement Class Members, provided that the time or the date of the Settlement Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Claim Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

15

EXHIBIT A

Dated: _____, 2025

_____
HON. ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

EXHIBIT A-1

# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JOHN VALENTINE and PAUL O'RENICK, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>COMPASS MINERALS INTERNATIONAL, INC., KEVIN S. CRUTCHFIELD, EDWARD C. DOWLING, JR., LORIN CRENSHAW, JENNY HOOD and JAMES STANDEN,<br><br>        Defendants. | Case No: 24-cv-02165 |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased the securities of Compass Minerals International, Inc. ("Compass Minerals" or the "Company") during the period from February 8, 2023 through March 26, 2024, both dates inclusive ("Class Period"), you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide four million nine hundred thousand dollars ($4,900,000) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased Compass Minerals securities during the Class Period.

- The Settlement represents an estimated average recovery of $.39 per share for the approximately 12.5 million shares allegedly damaged during the Class Period. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Compass Minerals shares, the purchase and sale prices, and the total number and amount of claims filed.

- Lead Counsel will ask the Court to award attorneys' fees in an amount not to exceed one-third of the Settlement Fund ($1,633,333.33), reimbursement of no more than $55,000 in litigation expenses, and a total case contribution award to Plaintiffs not to exceed $17,500. Collectively, the attorneys' fees and expenses and Plaintiffs' award are estimated to average $.14 per share outstanding during the Class Period. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The average approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is $.25 per share of Compass Minerals stock outstanding during the Class Period. This estimate is based on the assumptions set forth in the preceding paragraphs. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Compass Minerals shares, the purchase and sale prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning whether Defendants made false and misleading statements concerning the Company's fire retardant during the Class Period. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever. Defendants have also denied, among other things, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release Form and submit it no later than _____. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than _____. This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Defendants' Parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than _____ about why you do not like the Settlement. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on _____. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |

| | |
|---|---|
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Action.** |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| | | |
|---|---|---|
| Compass Minerals Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.: (866) 274-4004<br>Fax: (610) 565-7985<br>info@strategicclaims.net | **or** | Laurence Rosen, Esq.<br>Michael Cohen, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Ave, 40th Floor<br>New York, NY 10016<br>Tel: (212) 686-1060<br>Fax: (212) 202-3827<br>lrosen@rosenlegal.com<br>mcohen@rosenlegal.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated June 30, 2025 (the "Settlement Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1. **Why did I get this Notice?**

   You or someone in your family may have purchased Compass Minerals securities during the period from February 8, 2023 through March 26, 2024, both dates inclusive.

2. **What is this lawsuit about?**

   The case is known as *Valentine et al., v. Compass Minerals International, Inc., et al.*, Civil Action No. 2:24-CV-02165 (D. Kan.) (the "Action"). The Court in charge of the case is the United States District Court for the District of Kansas.

   The Action involves allegations that Defendants made materially false statements and omissions to the public. Specifically, the Complaint alleges that, during the Class Period, Defendants overstated the likelihood of success of its fire retardant business. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released

Defendants' Parties, or of any infirmity of any defense, or of any damages to Plaintiffs or any other Settlement Class Member.

**3.    Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.    Why is there a Settlement?**

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Defendants disagree include: (1) whether Defendants made any allegedly misleading statements or omissions; (2) whether Defendants acted knowingly or were grossly reckless in making the alleged misrepresentations; (3) whether the alleged disclosures corrected the alleged misrepresentations; (4) whether the alleged misrepresentations caused any loss in the value of Compass Minerals securities; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses that could be raised by Defendants. Even if Plaintiffs were to win at trial, and also prevail on any appeal, Plaintiffs might not be able to collect any of any judgment they may be awarded.

**5.    How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities who purchased Compass Minerals securities from February 8, 2023 through March 26, 2024, both dates inclusive, subject to the exclusions in Question 6 below.

**6.    Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are (1) Defendants and their immediate families; (2) the present and former officers and directors of the Company; and (3) any entity in which any of the Defendants, or any person excluded under this sentence, has or had a controlling interest at all relevant times. Also excluded from the Settlement Class are those Persons who submit valid and timely a request for exclusion as described below in the response to Question 11.

**7.    I am still not sure whether I am included.**

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic

Claims Services, by phone at (866) 274-4004, by email at info@strategicclaims.net, or by facsimile at (610) 565-7985; visit the website www.strategicclaims.net/compass; or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

8. **What does the Settlement provide?**

a. **What is the Settlement Fund?**

The proposed Settlement provides for Compass Minerals and/or Defendants' insurers to pay four million nine hundred thousand dollars ($4,900,000) into a settlement fund (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing and/or emailing notices and the costs of publishing notices. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

b. **What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased and sold Compass Minerals securities; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and award to Plaintiffs.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of Compass Minerals securities was artificially inflated during the Class Period, and that certain subsequent disclosures caused reductions in the inflated price of Compass Minerals securities. Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

**PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation does not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/compass/.

The U.S. federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Compass Minerals common stock and call options purchased or otherwise acquired during the Class Period, or Compass Minerals put options sold during the Class Period, must have been held during a period of time in which their price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Plaintiffs and Lead Counsel have determined that such price declines occurred on the following dates: March 25, 2024 and March 26, 2024 (the "Corrective Disclosure Dates"). Accordingly, if a Compass Minerals common share or call option was sold before March 25, 2024 or a Compass Minerals put option was repurchased before March 25, 2024 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a Compass Minerals security was both purchased and sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund pursuant to the Plan of Allocation. The Recognized Loss formula and the proposed allocation of the Net Settlement Fund to specific time frames within the Class Period, as set forth below, are not intended to be estimates of the amount of what a Settlement Class Member might have been able to recover after a trial. Payments to valid Settlement Class Members pursuant to the Plan of Allocation shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) to be determined by Lead Counsel.

## **THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:**

(I) Recognized Loss for Compass Minerals shares purchased during the Class Period will be calculated as follows:

EXHIBIT A-1

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  Recognized Losses will be calculated as follows:

### COMPASS MINERALS COMMON STOCK RECOGNIZED LOSS CALCULATION

For Compass Minerals common stock purchased or otherwise acquired during the Class Period, the Recognized Loss shall be calculated as follows:

(A)    For shares purchased or otherwise acquired during the Class Period <u>and sold during the Class Period</u>, the Recognized Loss per share will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share.

(B)    For shares purchased or otherwise acquired during the Class Period <u>and sold during the period from March 27, 2024 through June 24, 2024,</u> inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing share price as of date of sale provided in Table B below.

(C)    For shares purchased or otherwise acquired during the Class Period <u>and retained as of the close of trading on June 24, 2024,</u> the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus 13.12[1] per share.

| INFLATION TABLE A | |
|---|---|
| During the Class Period | |
| **Period** | **Inflation** |
| February 8, 2023 to March 24, 2024, inclusive | $3.73 per share |
| March 25, 2024 | $0.79 per share |
| March 26, 2024 | $0.00 per share |
| After March 26, 2024 | $0.00 per share |

| Table B |
|---|

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $13.12 per share was the mean (average) daily closing trading price of the Company's shares during the 90-day period beginning on March 27, 2024 through and including June 24, 2024.

EXHIBIT A-1

| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|---|
| 3/27/2024 | $15.51 | $15.51 | | 5/10/2024 | $12.39 | $13.66 |
| 3/28/2024 | $15.74 | $15.63 | | 5/13/2024 | $12.48 | $13.62 |
| 4/1/2024 | $15.56 | $15.60 | | 5/14/2024 | $12.67 | $13.60 |
| 4/2/2024 | $14.66 | $15.37 | | 5/15/2024 | $12.53 | $13.56 |
| 4/3/2024 | $14.29 | $15.15 | | 5/16/2024 | $12.68 | $13.54 |
| 4/4/2024 | $14.29 | $15.01 | | 5/17/2024 | $13.15 | $13.53 |
| 4/5/2024 | $14.26 | $14.90 | | 5/20/2024 | $13.21 | $13.52 |
| 4/8/2024 | $13.96 | $14.78 | | 5/21/2024 | $13.29 | $13.52 |
| 4/9/2024 | $14.85 | $14.79 | | 5/22/2024 | $13.01 | $13.50 |
| 4/10/2024 | $14.03 | $14.72 | | 5/23/2024 | $12.46 | $13.48 |
| 4/11/2024 | $14.48 | $14.69 | | 5/24/2024 | $12.52 | $13.45 |
| 4/12/2024 | $14.30 | $14.66 | | 5/28/2024 | $12.57 | $13.43 |
| 4/15/2024 | $13.72 | $14.59 | | 5/29/2024 | $12.30 | $13.41 |
| 4/16/2024 | $13.60 | $14.52 | | 5/30/2024 | $12.39 | $13.39 |
| 4/17/2024 | $13.33 | $14.44 | | 5/31/2024 | $12.96 | $13.38 |
| 4/18/2024 | $13.60 | $14.39 | | 6/3/2024 | $13.21 | $13.37 |
| 4/19/2024 | $13.46 | $14.33 | | 6/4/2024 | $13.63 | $13.38 |
| 4/22/2024 | $13.24 | $14.27 | | 6/5/2024 | $13.62 | $13.38 |
| 4/23/2024 | $13.21 | $14.22 | | 6/6/2024 | $13.59 | $13.39 |
| 4/24/2024 | $12.78 | $14.14 | | 6/7/2024 | $13.38 | $13.39 |
| 4/25/2024 | $12.62 | $14.07 | | 6/10/2024 | $12.48 | $13.37 |
| 4/26/2024 | $13.04 | $14.02 | | 6/11/2024 | $12.08 | $13.35 |
| 4/29/2024 | $13.34 | $13.99 | | 6/12/2024 | $12.25 | $13.32 |
| 4/30/2024 | $12.45 | $13.93 | | 6/13/2024 | $12.06 | $13.30 |
| 5/1/2024 | $12.15 | $13.86 | | 6/14/2024 | $11.51 | $13.27 |
| 5/2/2024 | $12.71 | $13.81 | | 6/17/2024 | $11.19 | $13.23 |
| 5/3/2024 | $12.75 | $13.78 | | 6/18/2024 | $11.08 | $13.20 |
| 5/6/2024 | $13.20 | $13.75 | | 6/20/2024 | $11.34 | $13.16 |
| 5/7/2024 | $13.36 | $13.74 | | 6/21/2024 | $11.67 | $13.14 |
| 5/8/2024 | $13.46 | $13.73 | | 6/24/2024 | $11.88 | $13.12 |
| 5/9/2024 | $12.74 | $13.70 | | | | |

## COMPASS MINERALS CALL AND PUT OPTION
## RECOGNIZED LOSS CALCULATIONS

For each Compass Minerals Call Option purchased or otherwise acquired during the Class Period, the Recognized Loss per option shall be calculated as follows:

EXHIBIT A-1

I.    For each Compass Minerals Call Option not held at the opening of trading on at least one of the Corrective Disclosure Dates, as defined in Inflation Table A above, the Recognized Loss is $0.00.

II.    For each Compass Minerals Call Option purchased during the Class Period and held at the opening of trading through one or more of the Corrective Disclosure Dates as defined in Inflation Table A above,

    a.    that was subsequently sold prior to the close of trading on March 26, 2024, the Recognized Loss is the purchase price *minus* the sale price.

    b.    that was subsequently exercised prior to the close of trading on March 26, 2024, the Recognized Loss is the purchase price *minus* the intrinsic value of the Compass Minerals Call Option on the date of exercise, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the closing price of Compass Minerals Common Stock on the date of exercise *minus* the strike price of the option.

    c.    that expired unexercised prior to the close of trading on March 26, 2024, the Recognized Loss is equal to the purchase price.

    d.    that was still held as of the close of trading March 26, 2024, the Recognized Loss is the purchase price *minus* the intrinsic value of the Compass Minerals Call Option as of the close of trading on March 26, 2024, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $13.69[2] *minus* the strike price of the option.

III.    For each Compass Minerals Call Option purchased on March 26, 2024 or after, the Recognized Loss is $0.00.

No Recognized Loss shall be calculated based upon the purchase or acquisition of any Compass Minerals Call Option that had been previously sold or written.

For each Compass Minerals Put Option written during the Class Period, the Recognized Loss per option shall be calculated as follows:

I.    For each Compass Minerals Put Option not open (*i.e.*, not outstanding) at the opening of trading on at least one of the Corrective Disclosure Dates, as defined in Inflation Table A above, the Recognized Loss is $0.00.

II.    For each Compass Minerals Put Option sold during the Class Period and still outstanding at the opening of trading on one or more of the Corrective Disclosure Dates, as defined in Inflation Table A above,

    a.    that was subsequently repurchased prior to the close of trading on March 26, 2024, the Recognized Loss is the purchase price *minus* the sale price.

    b.    that was subsequently exercised (*i.e.*, assigned) prior to the close of trading on March 26, 2024, the Recognized Loss is the intrinsic value of the Compass Minerals Put Option on the date of exercise *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* the closing price of Compass Minerals common stock on the date of exercise.

    c.    that expired unexercised prior to the close of trading on March 26, 2024, the Recognized Loss $0.00.

---

[2] $13.69 is the closing price of Compass Minerals Common Stock on March 26, 2024.

     d.   that was still outstanding as of the close of trading March 26, 2024, the Recognized Loss is the intrinsic value of the Compass Minerals Put Option as of the close of trading on March 26, 2024 *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $13.69.

III.     For each Compass Minerals Put Option sold on March 26, 2024 or later, the Recognized Loss is $0.00.

No Recognized Loss shall be calculated based upon the sale or writing of any Compass Minerals Put Option that had been previously purchased or acquired.

**Common Stock Purchased/Sold Through the Exercise of Options:** With respect to Compass Minerals common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock is the exercise date of the option and the purchase/sale price of the stock is the closing price of Compass Minerals common stock on the exercise date. Any Recognized Loss arising from purchases of Compass Minerals common stock acquired during the Class Period through the exercise of an option on Compass Minerals common stock shall be computed as provided for other purchases of Compass Minerals common stock in the Plan of Allocation.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Company's shares shall not be deemed a purchase, acquisition or sale of shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases, acquisitions, and sales of Compass Minerals shares during the period from February 8, 2023 through and including June 24, 2024.

Payment pursuant to the Plan of Allocation approved by the Court will be conclusive against all Authorized Claimants. No person will have any claim against Defendants, Defense Counsel, Lead Plaintiff, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant will be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim and Release Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further

claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

### 9. How can I get a payment?

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form" This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/compass/. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/compass/ **by 11:59 p.m. ET on _____, 2025**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than _____ __, 2025**, to:

Compass Minerals Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant. If the Claims Administrator determines that your claim is deficient or rejected, the Claims Administrator will send a deficiency letter or rejection letter, describing the basis on which the claim is so determined. If you timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected, you will be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if such deficiency may be cured. If your claim has been rejected in whole or in part and you wish to contest such rejection, you must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator, by mail or email, a notice and statement of reasons for contesting the rejection along with any supporting documentation. If you disagree with the Claims Administrator's review decision, you may request that Lead Counsel review your claim. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court at the time a motion for distribution of the Net Settlement Fund is made.

### 10. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself from the Settlement Class by the _____ ___, 2025 deadline, you will remain a member of the Settlement Class, receive your share of the Net Settlement Fund if you are an Authorized Claimant and submit a valid Proof of Claim and Release Form, and will be bound by the release of claims against the Defendants and other Released Defendants' Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, agents, immediate family

members, heirs, joint tenants, tenants in common, beneficiaries, representatives, administrators, executors, insurers, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Defendants' Parties any and all claims which arise out of, are based upon or relate in any way to the purchase of Compass Minerals securities during the Class Period, including without limitation any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, representations, or omissions involved, set forth, referred to, or that have been or could have been asserted in the Action, including those relating to Fortress and the fire retardant products. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, sale or ownership of Compass Minerals securities during the Class Period. The specific terms of the release are included in the Settlement Stipulation.

**11.     How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Defendants' Parties on your own, at your own expense, about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter or send an email that (A) clearly indicates your name, address, phone number and email contact information (if any) and states that you "request to be excluded from the Settlement Class in *Valentine, et al., v. Compass Minerals International, Inc., et al.*, Civil Action No. 2:24-CV-02165 (D. Kan.)" and (B) states the date, number of shares and dollar amount of each Compass Minerals share purchase/acquisition during the Class Period, any sale transactions, and the number of Compass Minerals shares held by you as of February 8, 2023 and March 26, 2024. In order to be valid, such request for exclusion must be submitted by mail or email with documentary proof: (i) of each purchase/acquisition and, if applicable, sale transaction of Compass Minerals shares during the Class Period; and (ii) demonstrating your status as a beneficial owner of the Compass Minerals shares. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail or email your exclusion request, to be **received no later than _____ __, 2025**, to the Claims Administrator at the following address:

Compass Minerals Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Email: info@strategicclaims.net

**You cannot exclude yourself by telephone.**

If you properly exclude yourself, you will *not* receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12.    If I do not exclude myself, can I sue Defendants or the other Released Defendants' Parties for the same thing later?**

No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Defendants or the Released Defendants' Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided below.

**14.    How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third ($1,633,333.33) of the Settlement Fund plus interest, reimbursement of litigation expenses of no more than $55,000 and an award to Plaintiffs not to exceed $17,500 total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.    How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an award to Plaintiffs, and/or that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Valentine, et al., v. Compass Minerals International, Inc., et al.*, Civil Action No. 2:24-CV-02165 (D. Kan.). Be sure to include: (1) your name, address, email address, and telephone number; (2) a list of all purchases and sales of Compass Minerals securities during the Class Period; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature

of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Fairness Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Fairness Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Fairness Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than _____ __, 2025**:

| Clerk of the Court United States District Court District of Kansas 401 N. Market St. Wichita, Kansas 67202 | Laurence Rosen Michael Cohen The Rosen Law Firm, P.A. 275 Madison Ave 40th Floor New York, NY 10016 *Lead Counsel* | Jay B. Kasner Susan Saltzstein Skadden, Arps, Slate, Meagher & Flom LLP One Manhattan West New York, NY 10001 *Counsel for Defendants* |
|---|---|---|

**16.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Fairness Hearing on _____ __, 2025, at __:__ _.m., at the United States District Court for the District of Kansas, 401 N. Market St., Courtroom 408, Wichita, Kansas 67202. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Fairness Hearing telephonically or by other virtual means, Lead Counsel will direct the Claims Administrator to update its website, on the page dedicated to this Settlement, to include the telephone number or other virtual means to access the Settlement Fairness Hearing.

**18.    Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come

EXHIBIT A-1

to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Defendants' Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

**SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES**

If, during the Class Period, you purchased or sold Compass Minerals securities for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF NOTICE, you either (a) provide to the Claims Administrator the name, email address, and last known address of each person or organization for whom or which you purchased Compass Minerals securities during such time period; (b) request an electronic copy of the Summary Notice and, within ten (10) days after receiving the Summary Notice, email the Summary Notice or email links to the Notice and Proof of Claim and Release Form to the email address of each beneficial purchaser/owner of Compass Minerals securities; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days of receipt, mail the Postcard Notice directly to the beneficial purchaser/owners of Compass Minerals securities. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such emailing or mailing, you send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to $0.02 per name, address and email address provided to the Claims Administrator; up to a maximum of $0.02 per Postcard Notice mailed by you, plus postage at the pre-sort rate used by the Claims Administrator; or $0.02 per notice sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed above.

DATED:                                    BY ORDER OF THE UNITED STATES
                                         DISTRICT COURT FOR THE DISTRICT
                                         OF KANSAS

# EXHIBIT A-2

EXHIBIT A-2

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:** _____

IF YOU PURCHASED COMPASS MINERALS INTERNATIONAL, INC. ("COMPASS MINERALS") SECURITIES BETWEEN FEBRUARY 8, 2023 AND MARCH 26, 2024, BOTH DATES INCLUSIVE (THE "CLASS PERIOD") YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE SETTLEMENT CLASS ARE: (1) DEFENDANTS AND THEIR IMMEDIATE FAMILIES; (2) THE PRESENT AND FORMER OFFICERS AND DIRECTORS OF COMPASS MINERALS; AND (3) ANY ENTITY IN WHICH ANY OF THE DEFENDANTS, OR ANY PERSON EXCLUDED UNDER THIS SENTENCE, HAS OR HAD A CONTROLLING INTEREST AT ALL RELEVANT TIMES. ALSO EXCLUDED FROM THE SETTLEMENT CLASS ARE THOSE PERSONS WHO SUBMIT A VALID AND TIMELY REQUEST FOR EXCLUSION IN ACCORDANCE WITH THE PRELIMINARY APPROVAL ORDER.)

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM BY 11:59 P.M. EST ON _____, 2025 AT WWW.STRATEGICCLAIMS.NET/COMPASS/.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS CLAIM FORM, YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2025 TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Compass Minerals Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: (610) 565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2025 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER CLAIM FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE COURT'S ORDER AND FINAL JUDGMENT UNLESS YOU EXCLUDE YOURSELF. SUBMISSION OF A CLAIM FORM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

EXHIBIT A-2

### CLAIMANT'S STATEMENT

1.  I (we) purchased or otherwise acquired Compass Minerals securities during the Class Period. (Do not submit this Proof of Claim and Release Form ("Claim Form") if you did not purchase Compass Minerals securities during the Class Period.)

2.  By submitting this Claim Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Claim Form.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of Compass Minerals securities during the Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of Compass Minerals securities listed below in support of my (our) claim. (If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker or tax advisor because these documents are necessary to prove and process your claim. **YOUR FAILURE TO SUBMIT COPIES OF OFFICIAL DOCUMENTS EVIDENCING YOUR PURCHASES/ACQUISITIONS AND/OR SALES OF COMPASS MINERALS SECURITIES WILL CAUSE THE CLAIMS ADMINISTRATOR TO REJECT YOUR CLAIM.**)

6.  I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.) I (we) understand that if I (we) timely submit a Claim Form that is deficient or otherwise rejected, I (we) will be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if such deficiency may be cured. I (we) understand that if I (we) wish to contest the rejection determination, I (we) must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator, by mail or email, a notice and statement of reasons for contesting the rejection along with any supporting documentation. I (we) understand that if I (we) disagree with the Claims Administrator's review decision, I (we) may request that Lead Counsel review the claim; if an issue concerning my (our) claim cannot be otherwise resolved, Lead Counsel shall

thereafter present my (our) request for review to the Court at the time a motion for distribution of the Net Settlement Fund is made.

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) associates, affiliates, predecessors, successors, assigns, attorneys, agents, immediate family members, heirs, joint tenants, tenants in common, beneficiaries, representatives, administrators, executors, insurers, devisees, legatees, and estates (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, agents, immediate family members, heirs, joint tenants, tenants in common, beneficiaries, representatives, administrators, executors, insurers, devisees, legatees, and estates)) of each of the "Released Defendants' Parties" of all "Settlement Class Claims," as those terms are defined in the Stipulation of Settlement, dated June 30, 2025 ("Settlement Stipulation").

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) associates, affiliates, predecessors, successors, assigns, attorneys, agents, immediate family members, heirs, joint tenants, tenants in common, beneficiaries, representatives, administrators, executors, attorneys, insurers, devisees, legatees, and estates (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, agents, immediate family members, heirs, joint tenants, tenants in common, beneficiaries, representatives, administrators, executors, attorneys, insurers, devisees, legatees, and estates) to permanently refrain from prosecuting or attempting to prosecute any Settlement Class Claims against any of the Released Defendants' Parties.

9. "Released Defendants' Parties" has the meaning laid out in the Settlement Stipulation.

10. "Settlement Class Claims" has the meaning laid out in the Settlement Stipulation.

11. "Unknown Claims" has the meaning laid out in the Settlement Stipulation.

12. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which the release is a part.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net/compass/ to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/compass. If you are not acting as a Representative Filer, you do not need to

contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## I. CLAIMANT INFORMATION

| Beneficial Owner Name: |
| --- |
|  |

| Address: |
| --- |
|  |

| City: | State: | ZIP: |
| --- | --- | --- |

| Foreign Province: | Foreign Country: |
| --- | --- |

| Day Phone: | Evening Phone: |
| --- | --- |

| Email: |
| --- |

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
| --- | --- | --- |

## II. SCHEDULE OF TRANSACTIONS IN COMPASS MINERALS INTERNATIONAL, INC. ("COMPASS MINERALS") COMMON STOCK

### Beginning Holdings:

A. State the total number of shares of Compass Minerals common stock held at the close of trading on February 7, 2023 (*must be documented).*  If none, write "zero" or "0."

### Purchases/Acquisitions:

B. Separately list each and every purchase or acquisition of Compass Minerals common stock between February 8, 2023 and June 24, 2024, both dates inclusive, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
| --- | --- | --- | --- |
|  |  |  |  |
|  |  |  |  |

EXHIBIT A-2

| | | | |
|---|---|---|---|
| | | | |

**Sales:**

C.  Separately list each and every sale of Compass Minerals common stock between February 8, 2023 and June 24, 2024, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D.  State the total number of shares of Compass Minerals common stock held at the close of trading on June 24, 2024 (*must be documented*).

If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.

**III. SCHEDULE OF TRANSACTIONS IN COMPASS MINERALS CALL OPTIONS**

Complete this Part III if and only if you purchased/acquired Compass Minerals call options during the period from February 8, 2023 through March 26, 2024, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Compass Minerals call options.

| 1. BEGINNING HOLDINGS – Separately list all positions in Compass Minerals call option contracts in which you had an open interest as of the close of trading on February 7, 2023. (Must be documented.) | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |
| 2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD – Separately list each and every purchase/acquisition (including free receipts) of Compass Minerals call option contracts from after the | | | |

opening of trading on February 8, 2023, through and including the close of trading on March 26, 2024. (Must be documented.)

| Date of Purchase/ Acquisition (List Chrono-logically) (Month/ Day/ Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/ Year) | Option Class Symbol | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

**3. SALES DURING THE CLASS PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Compass Minerals call option  contracts from after the opening of trading on February 8, 2023, through and including the close of trading on March 26, 2024. (Must be documented.)    **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |

**4. ENDING HOLDINGS** – Separately list all positions in Compass Minerals call option contracts in which you had an open interest as of the close of trading on March 26, 2024. (Must be documented.)    **IF NONE, CHECK HERE** ○

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet.

## IV. SCHEDULE OF TRANSACTIONS IN COMPASS MINERALS PUT OPTIONS

Complete this Part IV if and only if you sold (wrote) Compass Minerals put option contracts during the period from February 8, 2023 through March 26, 2024, inclusive. Please include proper

documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Compass Minerals put options.

| 1. BEGINNING HOLDINGS – Separately list all positions in Compass Minerals put option contracts in which you had an open interest as of the close of trading on February 7, 2023. (Must be documented.) | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

| 2. SALES (WRITING) DURING THE CLASS PERIOD – Separately list each and every sale (writing) (including free deliveries) of Compass Minerals put option contracts from after the opening of trading on February 8, 2023, through and including the close of trading on March 26, 2024. (Must be documented.) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |

| 3. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD – Separately list each and every purchase/acquisition (including free receipts) of Compass Minerals put option contracts from after the opening of trading on February 8, 2024, through and including the close of trading on March 26, 2024. (Must be documented.) | | | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |

EXHIBIT A-2

| 4. ENDING HOLDINGS – Separately list all positions in Compass Minerals put option contracts in which you had an open interest as of the close of trading on March 26, 2024. (Must be documented.) | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet. | | | |

## V. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ | | _____ |

## VI. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Settlement Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Kansas with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Compass Minerals securities during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

EXHIBIT A-2

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

EXHIBIT A-2

THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/COMPASS/ NO LATER THAN 11:59 P.M. ET ON _____, 2025, OR MUST BE MAILED TO THE FOLLOWING ADDRESS SO THAT IT IS POSTMARKED NO LATER THAN _____, 2025:

Compass Minerals Securities Litigation

c/o Strategic Claims Services

600 N. Jackson St., Ste. 205

P.O. Box 230

Media, PA 19063

Fax: (610) 565-7985

info@strategicclaims.net

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2025 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

If you file your claim electronically, the Claims Administrator will send you a notice confirming receipt. If you file your claim by first-class mail, you must send it Certified, Return Receipt Requested, for confirmation of delivery, or you may call or email the Claims Administrator at (866) 274-4004, info@strategicclaims.net for confirmation.

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form.  Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

o   Please be sure to sign this Claim Form on page__. If this Claim Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Claim Form or any supporting documents.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

# EXHIBIT A-3

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JOHN VALENTINE and PAUL O'RENICK, individually and on behalf of all others similarly situated, | Case No: 24-cv-02165 |
| Plaintiffs, | |
| v. | |
| COMPASS MINERALS INTERNATIONAL, INC., KEVIN S. CRUTCHFIELD, EDWARD C. DOWLING, JR., LORIN CRENSHAW, JENNY HOOD and JAMES STANDEN, | |
| Defendants. | |

### SUMMARY NOTICE OF PENDENCY AND
### PROPOSED CLASS ACTION SETTLEMENT

**TO:    ALL PERSONS WHO PURCHASED COMPASS MINERALS INTERNATIONAL INC. ("COMPASS MINERALS") SECURITIES FROM FEBRUARY 8, 2023 THROUGH MARCH 26, 2024, INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Kansas, that a hearing will be held on _____, 2025, at __:__ _.m. before the Honorable Eric F. Melgren, Chief United States District Judge of the District of Kansas, 401 N. Market Street, Courtroom 408, Wichita, KS 67202 for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $4,900,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees of up to one-third plus interest of the Settlement Amount, reimbursement of expenses of not more than $55,000 and a service payment of no more than $17,500 in total to Plaintiffs, should be approved; and (4) whether

this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement, dated June 30, 2025 (the "Settlement Stipulation"). The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

If you purchased Compass Minerals securities during the period from February 8, 2023 through March 26, 2024, both dates inclusive, your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Compass Minerals securities. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by writing to or calling the Claims Administrator: Compass Minerals Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063; (Toll-Free) (866) 274-4004; (Fax) (610) 565-7985; info@strategicclaims.net. You can also download copies of the Notice and submit your Proof of Claim and Release Form online at www.strategicclaims.net/compass/. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form electronically or postmarked no later than _____, 2025 to the Claims Administrator, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than _____, 2025, in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

EXHIBIT A-3

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and award to Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than _____, 2025, by the Court, Lead Counsel and Defense Counsel.

If you have any questions about the Settlement, you may call or write to Lead Counsel:

Laurence Rosen
Michael Cohen
THE ROSEN LAW FIRM, P.A.
275 Madison Ave
40th Floor
New York, NY 10016
Tel: (212) 686-1060
lrosen@rosenlegal.com
mcohen@rosenlegal.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED:                              BY ORDER OF THE UNITED STATES
                                    DISTRICT COURT FOR THE DISTRICT
                                    OF KANSAS

# EXHIBIT A-4



Compass Minerals Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St.
Suite 205
Media, PA 19063

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*A federal court authorized this*
*notice. This is not a solicitation*
*from a lawyer.*

*You may be entitled to a payment.*
*This notice may affect your legal*
*rights.*

*Please read it carefully.*

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*Valentine, et al., v. Compass Minerals International, Inc., et al.,* No. 2:24-CV-02165 (D. Kan.)

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
PLEASE VISIT WWW.STRATEGICCLAIMS.NET OR CALL 1-866-274-4004 FOR MORE INFORMATION.

The United States District Court for the District of Kansas (the "Court") has preliminarily approved a proposed Settlement of claims against Compass Minerals International, Inc. ("Compass Minerals") and certain of its current and former officers in the above-referenced action. The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants made material misrepresentations to the public about Compass Minerals' fire retardant business, causing damage to Settlement Class Members. Compass Minerals and the other Defendants deny any wrongdoing.

You received this notice because you may have purchased Compass Minerals securities between February 8, 2023 and March 26, 2024, both dates inclusive. The Settlement dismisses and releases claims against Defendants and creates a fund consisting of $4,900,000, less attorneys' fees and expenses, which will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim by visiting the website: www.strategicclaims.net/compass/. You may also request copies of the Notice and Proof of Claim from the Claims Administrator by: (1) mail: Compass Minerals Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) toll-free phone: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.strategicclaims.net/compass/. PROOFS OF CLAIM ARE DUE BY MAIL, POSTMARKED BY _____ __, 2025, TO: COMPASS MINERALS SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063 or submitted electronically at www.strategicclaims.net/compass/. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____ __, 2025 by mail or email. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____ __, 2025. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on _____ __, 2025 at __:____.m. at the Courthouse, 401 N. Market St., Courtroom 408, Wichita, KS 67202, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to one-third of the Settlement Fund in attorneys' fees, plus up to $55,000 in expenses, and awards to Plaintiffs of no more than $17,500 for litigating the case and negotiating the Settlement. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JOHN VALENTINE and PAUL O'RENICK, individually and on behalf of all others similarly situated, | Case No: 24-cv-02165 |
| Plaintiffs, | |
| v. | |
| COMPASS MINERALS INTERNATIONAL, INC., KEVIN S. CRUTCHFIELD, EDWARD C. DOWLING, JR., LORIN CRENSHAW, JENNY HOOD and JAMES STANDEN, | |
| Defendants. | |

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the _____ day of _____, 2025, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement dated June 30, 2025 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Class Action Settlement and Providing for Notice ("Preliminary Approval Order"), dated _____ __, 2025, was provided to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members and Defendants.

3. The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action. The Settlement Class is being certified for settlement purposes only.

4. The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf

of all Persons who purchased or otherwise acquired Compass Minerals securities between February 8, 2023 and March 26, 2024, both dates inclusive. Excluded from the Settlement Class are (1) Defendants and their immediate families; (2) the present and former officers and directors of Compass Minerals; (3) any entity in which any of the Defendants, or any person excluded under this sentence, has or had a controlling interest at all relevant times. [Also excluded from the Settlement Class are [those persons listed on Exhibit A to this Final Judgment.].

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Class Counsel previously selected by Plaintiffs and appointed by the Court are hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6.      The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound

by this Order and Final Judgment. Thus, it is hereby determined that all Settlement Class

Members are bound by this Final Judgment [except those persons listed on Exhibit A to this Final

Judgment].

7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that

the Settlement Stipulation and Settlement are, in all respects, fair, reasonable, and adequate and

in the best interests of the Settlement Class and each of the Settlement Class Members. This Court

further finds the Settlement set forth in the Settlement Stipulation is the result of arm's-length

negotiations between experienced counsel representing the interests of Plaintiffs, Settlement

Class Members, and Defendants. Accordingly, the Settlement embodied in the Settlement

Stipulation is hereby finally approved in all respects, and shall be consummated in accordance

with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the

Settlement Stipulation.

8.      The Action and the Amended Complaint For Violations of the Federal Securities

Laws ("Complaint") are hereby dismissed with prejudice. The Settling Parties shall bear their

own costs and expenses, except as and to the extent provided in the Settlement Stipulation and

herein.

9.      In accordance with the terms of the Settlement Stipulation, the Releasing

Plaintiffs' Parties hereby forever release, relinquish, and discharge the Released Defendants'

Parties from any and all Settlement Class Claims. The Releasing Plaintiffs' Parties, and anyone

acting or purporting to act for any of them, are hereby permanently barred and enjoined from

asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating

in the commencement or prosecution of any action or other proceeding, in any forum, asserting

any Settlement Class Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Defendants' Parties.

10.    In accordance with the terms of the Settlement Stipulation, each of the Defendants, on behalf of themselves, and, as applicable, their heirs, executors, predecessors, successors and assigns, hereby forever releases, relinquishes, and discharges any and all Defendant Claims against the Released Plaintiffs' Parties.

11.    The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.    Neither this Order and Final Judgment, the Settlement Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

    (a)    referred to or used against Defendants or against Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

    (b)    construed against Defendants or against Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

    (c)    construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

    (d)    used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement Stipulation.

EXHIBIT B

13.     Exclusive jurisdiction is hereby retained over Defendants and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

14.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

15.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make with respect to the proposed Plan of Allocation or on Lead Counsel's application for an award of attorneys' fees and expenses and/or case contribution awards to Plaintiffs.

17.     In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Settlement Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated.  The terms and conditions of the Settlement Stipulation shall govern any termination or the effect of any termination thereof.


Dated: _____, 20__              _____
                                      HON. ERIC F. MELGREN
                                      CHIEF UNITED STATES DISTRICT JUDGE