# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| JOHN VALENTINE and PAUL O'RENICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMPASS MINERALS INTERNATIONAL, INC., KEVIN S. CRUTCHFIELD, EDWARD C. DOWLING, JR., LORIN CRENSHAW, JENNY HOOD and JAMES STANDEN,<br><br>Defendants. | Case No: 24-cv-02165-EFM<br><br>CLASS ACTION |

**DECLARATION OF MICHAEL COHEN IN SUPPORT OF: (I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARDS TO PLAINTIFFS**

I, Michael Cohen, declare as follows:

1.      I am Counsel at The Rosen Law Firm, P.A. ("Rosen Law"), Lead Counsel for Lead Plaintiff John Valentine and Named Plaintiff Paul O'Renick (together, "Plaintiffs") and the Settlement Class in the above-captioned litigation ("Action"). I am over the age of 18 and am admitted *pro hac vice* to practice before this Court. Dkt. No. 19. I have personal knowledge of the matters set forth herein and, if called upon, I could and would completely testify thereto.

2.      I submit this Declaration in support of Plaintiffs' Motions, filed concurrently herewith, for: (1) Final Approval of Class Action Settlement and Plan of Allocation; and (2) Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Plaintiffs. The purpose of this Declaration[1] is to set forth the nature of the investigation, litigation and negotiations that led to the Settlement with Defendants and to demonstrate why the Settlement is fair, reasonable, and adequate and should be approved by the Court, and why Lead Counsel's requests for attorneys' fees and expenses and awards to Plaintiffs are reasonable and should be approved by the Court.

3.      The Settlement provides for a cash payment by or on behalf of Defendants in the amount of $4.9 million in exchange for full releases of Plaintiffs' claims, and completely resolves the Action.

4.      After Plaintiffs moved for preliminary approval of the Settlement on June 30, 2025, the Court entered an order preliminarily approving the Settlement, preliminarily certifying the Settlement Class for settlement purposes, and approving the form and manner of providing notice to potential Settlement Class Members (the "Preliminary Approval Order"). Dkt. No. 35.

---

[1] Unless otherwise indicated, all capitalized terms have the same meaning as set forth in the Stipulation of Settlement ("Stipulation"). Dkt. No. 33-1.

5. Plaintiffs now seek final approval of the Settlement, as well as an award of attorneys' fees to Lead Counsel of one-third (1/3) of the Settlement Fund (or $1,633,333), reimbursement of Lead Counsel's out-of-pocket litigation expenses incurred in prosecuting this Action in the amount of $43,583.85, and a compensatory award to Plaintiffs totaling $15,000.

6. Attached hereto as Exhibit 1 is a true and correct copy of the Declaration of Josephine Bravata Concerning: (A) Mailing/Emailing of the Notice; (B) Publication of the Summary Notice; (C) Report on Requests for Exclusions and Objections; and (D) Claims Received to Date ("Bravata Dec.").

7. Attached hereto as Exhibit 2 is a true and correct copy of the Declaration of John Valentine ("Valentine Dec.").

8. Attached hereto as Exhibit 3 is a true and correct copy of the Declaration of Paul O'Renick ("O'Renick Dec.").

9. Attached hereto as Exhibit 4 is a true and correct copy of the firm resume of the Rosen Law ("Rosen Law Firm Resume").

**Procedural History**

10. This Action was commenced on April 24, 2024, when Plaintiff Valentine filed a putative securities fraud class action complaint in this Court against Defendants Compass Minerals, Kevin S. Crutchfield, Edward C. Dowling, Jr., Lorin Crenshaw, and Jenny Hood alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Dkt. No. 1.

3

11.     On  June 24, 2024, Plaintiff Valentine moved to be appointed Lead Plaintiff in this Action, and for approval of his selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class. Dkt. Nos. 13-14.

12.     On July 17, 2024, Plaintiff Valentine and Defendants Compass Minerals, Kevin S. Crutchfield, Edward C. Dowling, Jr., Lorin Crenshaw, and Jenny Hood filed a Joint Motion to Approve a Stipulated Schedule. Dkt. No. 20.

13.     On July 18, 2024, Magistrate Judge Birzer granted the Joint Motion to Approve a Stipulated Schedule. Magistrate Judge Birzer's order relieved defendants of the obligation to answer or otherwise respond to the complaint and set a schedule for the filing of an amended complaint 60 days after the Court's Order on the Motion to be Appointed Lead Plaintiff and to Approve Lead Plaintiff's Selection of Counsel. Dkt. No. 21.

14.     On December 12, 2024, the Court granted Plaintiff Valentine's Motion to be Appointed Lead Plaintiff and to Approve Lead Plaintiff's Selection of Counsel, appointing John Valentine as Lead Plaintiff and approving The Rosen Law Firm, P.A. as Lead Counsel. Dkt. No. 23.

15.     On February 10, 2025, Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), which added Named Plaintiff O'Renick and Defendant James Standen to the parties involved in this Action. Dkt. No. 24.

16.     On April 2, 2025, Defendants filed an Unopposed and Consented to Motion for Extension of Time to File a Motion to Dismiss the Amended Complaint, noting that the Amended Complaint consists of 184 paragraphs, spans 64 pages and asserts federal securities claims challenging numerous statements contained in more than eleven public disclosures. Dkt. No. 27.

17.     On April 3, 2025, Magistrate Judge Mitchell granted the Unopposed and Consented to Motion for Extension of Time to File a Motion to Dismiss the Amended Complaint. Dkt. No. 28.

18.     On May 1, 2025, the Parties filed a Joint Motion for Stay of Case Pending Finalization of Settlement, informing the Court that the Parties have reached an agreement in principle to settle the Action on a class-wide basis, subject to the drafting of a more detailed class settlement agreement and the submission of a motion seeking preliminary approval of the class settlement to the Court. Dkt. No. 29.

19.     On May 2, 2025, the Court granted the Joint Motion for Stay of Case Pending Finalization of Settlement, ordering counsel to file the motion for preliminary approval of the settlement by June 30, 2025. Dkt. No. 30.

20.     On June 30, 2025, Plaintiffs filed the Motion for Preliminary Approval of the Settlement. Dkt No. 32-35. The Motion attached the proposed documents for providing notice to potential members of the Class.

21.     The Court granted the Preliminary Approval Motion on July 25, 2025. Dkt. No. 35 (the "Preliminary Approval Order"). Notice went out to the potential members of the Class thereafter, in accordance with the terms of the Preliminary Approval Order.

22.     An update to the Court on the Notice process and the state of the Settlement Class's reaction, is provided in the Bravata Dec., attached as Exhibit 1 hereto. A follow-up update addressing any objections or requests for exclusion received after the date of this Declaration will be provided in Plaintiffs' reply papers to be filed with the Court on November 11, 2025.

**23.** **Settlement Negotiations**

24. After Plaintiffs filed the Amended Complaint – which represented the culmination of Plaintiffs' investigation that had lasted nearly one year at that point and included scouring appropriations and other records and conducting interviews of former Compass Minerals employees, government officials and others – the two sides engaged in extensive settlement discussions, leading to the filing of the May 1, 2025, Joint Motion for Stay of Case Pending Finalization of Settlement, informing the Court that the Parties have reached an agreement in principle to settle the Action on a class-wide basis. *See* Dkt. No. 29.

25. Before engaging in these settlement discussions, Lead Plaintiff retained an economic expert to assess the damages allegedly sustained by the Class. In possession of this information, and along with the results of the extensive factual investigation, Lead Plaintiff was well aware of the strengths and weaknesses of the case. The Settlement is the product of informed and arm's length investigation between experienced counsel, further demonstrating its fairness.

**Summary of Plaintiffs' Allegations**

26. This Action concerns statements that Defendants made relating to the Fortress line of fire retardants between February 8, 2023 and March 22, 2024. *See* Dkt. No. 24. Plaintiffs allege that the statements in question were false or materially misleading because they omitted the existence of an ongoing government test of the Fortress fire retardants and, accordingly, overstated the likelihood that the government would enter into a contract to purchase Fortress retardants for the 2024 fire season and beyond. Further, Plaintiffs allege that when the news came out that the Fortress fire retardant had failed this government test, the price of Compass Minerals securities fell, damaging investors. Defendants continue to deny Plaintiffs' allegations.

**Risks of Continued Litigation**

27.     The Settlement provides an immediate and certain benefit to the Settlement Class in the form of a cash payment of $4.9 million. As explained below, this case presents significant risks such that Plaintiffs and the Settlement Class might recover nothing at all if the case proceeded through additional phases of litigation.

28.     Defendants have formidable arguments that could derail Plaintiffs' case at any of the many stages to come.

29.     First, Defendants will likely argue they had no legal duty to disclose the information that Plaintiffs contend was necessary to make their Class Period statements not false and misleading, or that the risks associated with the Fortress fire retardant were amply disclosed to investors.

30.     Second, Defendants could also advance colorable arguments aimed at eliminating or at least decreasing damages. Because the alleged corrective disclosure in this case revealed both the existence of the government test at issue *and* the results of the test, Defendants could claim that this disclosure was not "corrective" in whole or in part. Thus, the question of loss causation would likely come down to a costly and hard-to-predict "battle of the experts," on which the Settlement Class's prospects for recovery would depend.

31.     These are some of the largest risks facing Plaintiffs, though the risks of failing to certify a class, to prevail at trial and to withstand any appeals exist as well.

32.     Indeed, without a Settlement, Plaintiffs could potentially expend significant time and incur substantial costs completing fact and expert discovery – including the review and

analysis of voluminous documents and the taking of numerous fact and expert depositions – only to lose at summary judgment, trial or appeal and end up with nothing.

33.    Hence, Plaintiffs and Lead Counsel submit that this $4.9 million Settlement, which provides an immediate and certain cash recovery, is in the best interest of the Settlement Class.

34.    According to Plaintiffs' expert, the maximum damages potentially recoverable under Plaintiffs' theory of the case is around $60 million, but that is Plaintiffs' best-case scenario assuming Plaintiffs defeat all of Defendants' arguments against liability and damages and win at trial. The Settlement, which represents approximately 8% of Plaintiffs' best-case, maximum damages, is well within the range of approved settlements in securities class actions, particularly here where there is substantial risk that Plaintiffs might recover nothing absent the Settlement.

**The Plan of Allocation**

35.    The Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") describes the Plan of Allocation. Bravata Dec., Ex. A at 5-11. Lead Counsel formulated the Plan of Allocation with the help of a financial consultant to distribute the Settlement Fund fairly and reasonably to Settlement Class Members consistent with the federal securities laws.

36.    The Plan of Allocation provides for distribution of the Net Settlement Fund to Authorized Claimants who suffered losses on their Class Period transactions in Compass Minerals securities on a *pro rata* basis. Each Authorized Claimant's Recognized Loss is calculated based on when the investor purchased and sold. Importantly, the formula for calculating Recognized Loss is the same for all Settlement Class Members, including Plaintiffs.

37.    In sum, the Plan of Allocation was designed to fairly and rationally allocate the proceeds of the Net Settlement Fund among Settlement Class Members.

**The Reaction of the Settlement Class**

38.    To date, 46,395 potential Settlement Class Members have received notice of the Settlement. Bravata Dec. at ¶8. This includes 20,976 Postcard Notices mailed by the Claims Administrator and third-party nominees such as brokerage firms and banks, and an additional 25,419 potential Settlement Class Members who received a direct link to the Long Notice from SCS or their nominees. *Id.* at ¶¶ 6-7.  The Summary Notice was also published electronically over *Globe Newswire*. *Id.* at ¶10.

39.    The deadline for Settlement Class Members to request to be excluded from the Settlement was October 7, 2025, and the deadline for Settlement Class Members to object to the Settlement is October 21, 2025. To date, there has not been a single objection or request for exclusion. ¶13. To date, the Claims Administrator has received 14,174 Claim Forms. ¶15. The Claims Administrator is currently processing the claims received, including conducting quality assurance reviews and verifying required documentation. ¶16.

40.    If any objections or requests for exclusions are received after the date of this declaration, Plaintiffs will address them in Plaintiffs' reply in support of the instant motions.

**Lead Counsel's Fee Request is Justified**

41.    Lead Counsel has worked diligently to achieve the Settlement, expending 754.2 hours to date for a lodestar value of $853,076.46. The lodestar multiplier for the requested fee is 1.91.[2]

---

[2] $1,633,333 / $853,076.46 = 1.91.

42.     The chart below is a summary of time expended by the attorneys and professional staff of Rosen Law on this Action, and the lodestar calculation based on their current billing rate. The chart was prepared from contemporaneous, daily time records regularly maintained by my firm:

| Professional (Position)* | Hourly Rate | Year Admitted to Practice Law | Hours Worked | Lodestar |
|---|---|---|---|---|
| Laurence Rosen (P) | $1,512.33 | 1989 | 24.7 | $37,354.551 |
| Phillip Kim (P) | $1,512.33 | 2003 | 30.4 | $45,974.84 |
| Jonathan Horne (P) | $1,272.63 | 2010 | 1.3 | $1,654.419 |
| Yu Shi (P) | $1,272.63 | 2012 | 0.8 | $1,018.10 |
| Brent LaPointe (C) | $1,119.45 | 2011 | 4.4 | $4,925.58 |
| Erica Stone (C) | $1,119.45 | 2013 | 8.8 | $9,851.16 |
| Michael Cohen (C) | $1,119.45 | 2015 | 659.4 | $738,165.33 |
| Scott Kim (A) | $932.21 | 2018 | 0.9 | $838.99 |
| Ryan Hedrick (A) | $826.14 | 2020 | 2.6 | $2,147.96 |
| Ian McDowell (A) | $717.40 | 2022 | 3.5 | $2,510.90 |
| Henry Bloxenheim (A) | $717.40 | 2024 | 5.9 | $4,232.66 |
| Zachary Stanco (PL) | $382.78 | N/A | 11.5 | $4,401.97 |
| **Total** | | | **754.2** | **$853,076.46** |

* Partner (P), Counsel (C), Associate (A), Paralegal (PL)

43.     Lead Counsel spent a total of $43,583.85 in unreimbursed expenses in connection with the prosecution of this Action, considerably less than the $55,000 amount described in the Long Notice, Postcard Notice, and the Summary Notice of Pendency and Proposed Class Action Settlement. Lead Counsel has received no compensation from this case during the litigation.

44.     Lead Counsel's litigation expenses are broken down as follows. These expenses are reflected in the firm's books and records. These books and records are prepared from expense

vouchers, check records, and financial statements prepared in the normal course of business for my firm and are an accurate record of the expenses incurred in the prosecution of this Action.

| Category | Amount |
|---|---|
| Court Fees | $505.00 |
| Investigator Fees | $20,088.75 |
| Expert Fees | $4,262.50 |
| Online Legal Research and Document Retrieval Fees | $823.67 |
| Press Release / Notice to Class Member Fees | $14,952.00 |
| Travel/Meal Expenses | $2,951.93 |
| **TOTAL EXPENSES** | **$43,583.85** |

45.    From the outset, Lead Counsel understood that it was embarking on a complex, expensive, and likely lengthy litigation with no guarantee of ever being compensated for the substantial investment of time and money the case would require. In undertaking that responsibility, Lead Counsel ensured that sufficient resources were dedicated to the Action and that funds were available to compensate staff and to cover the expenses the case would require. With an average lag time of several years for a case like this to conclude, the financial burden on Lead Counsel was considerably greater than those for a firm paid on an ongoing basis.

46.    Lead Counsel's work in this Action included, among other things, conducting a pre-filing investigation; filing an initial complaint; retaining and supervising an investigator to interview relevant witnesses, which included interviews of former Company employees and former government personnel; reviewing documents and government appropriation records concerning Compass Minerals and the fire retardant industry; drafting the detailed Amended Complaint; retaining an economic expert to help assess alleged damages; and then, after filing the

11

Amended Complaint, participating in settlement discussions with Defendants, ultimately reaching the Settlement that the Court is being asked to finally approve.

47.    Lead Counsel's work will not end with the filing of the instant motions or the Court's approval of the Settlement. Lead Counsel will spend more time and resources drafting and filing the replies in support of its motions, preparing for and appearing at the Settlement Hearing scheduled for November 18, 2025, assisting Settlement Class Members with their Claim Forms, overseeing the claims process and distribution of the Settlement Fund to Settlement Class Members, and responding to inquiries from Settlement Class Members.

**The Requested Award to Plaintiffs is Justified**

48.    Plaintiffs have devoted a substantial amount of time leading this Action on behalf of the Settlement Class, including reviewing the complaints and other significant case documents, communicating regularly with counsel throughout the pendency of this Action concerning case posture and strategy, and evaluating and approving the eventual Settlement. *See* Ex. 2 (Valentine Dec.) and Ex. 3 (O'Renick Dec.). Accordingly, Plaintiffs request an award in the amount of $7,500 each ($15,000 in total) to compensate them for this time.

Executed this 14th day of October, 2025, in New York, NY.

*/s/ Michael Cohen*
Michael Cohen