# EXHIBIT 2

Docusign Envelope ID: 3FB819AC-A713-42AD-9FE4-52F6EDCE3AE6

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JOHN VALENTINE and PAUL O'RENICK, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>COMPASS MINERALS INTERNATIONAL, INC., KEVIN S. CRUTCHFIELD, EDWARD C. DOWLING, JR., LORIN CRENSHAW, JENNY HOOD and JAMES STANDEN,<br><br>      Defendants. | Case No: 24-cv-02165 |

## DECLARATION OF JOHN VALENTINE

I, John Valentine, hereby declare as follows:

1.      I am the Court-appointed Lead Plaintiff in the above-captioned securities class action (the "Action"), and for purposes of this Settlement, a Class Representative. I respectfully submit this declaration in support of my request to recover the reasonable costs and expenses I incurred in connection with my representation of the Settlement Class in the prosecution of this Action.

2.      I have personal knowledge of the matters set forth in this declaration and, if called upon, I could and would competently testify to these matters.

3.      I am aware of and understand the requirements and responsibilities of a representative plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §77z-1, and I have discharged those duties to the best of my ability.

4.      I have been actively involved in the prosecution of this Action since I filed the initial class action complaint on April 24, 2024. Dkt. No. 1. I later moved to be appointed Lead Plaintiff, Dkt. No. 14, and the Court appointed me as Lead Plaintiff on December 12, 2024. Dkt. No. 23.

5.      I filed the operative Amended Complaint on February 10, 2025, joined by Named Plaintiff Paul O'Renick, which contained substantial additional allegations drawn from my counsel's investigation. Dkt. No. 24.

6.      Throughout the litigation, I:

(a) regularly communicated with Lead Counsel regarding the posture and progress of the case, as well as litigation strategy;

(b) reviewed significant pleadings and briefs filed in the Action;

1

(c) consulted with Lead Counsel regarding settlement negotiations; and

(d) evaluated and approved the proposed Settlement.

7.      I believe that I fulfilled my fiduciary duty to the Settlement Class to work with counsel to make sure the Settlement Class received fair and adequate representation.  I have done my best to vigorously promote the interests of the Settlement Class and to obtain the largest recovery possible under the circumstances, and I do believe that the Settlement confers the best result possible under all of the circumstances.

8.      I understand that the PSLRA, 15 U.S.C. §77z-1(a)(4), provides for the reimbursement of costs and expenses (including lost wages) incurred or otherwise absorbed by a representative plaintiff in connection with services rendered in the course of litigation.

9.      In fulfillment of my responsibilities as Lead Plaintiff, as discussed in ¶6 above, I conservatively estimate that I devoted at least 36.00 hours of time to this litigation. The time that I devoted to the representation of the Settlement Class in this Action was time that I otherwise would have spent on other activities and, thus, represented a cost to me.

10.     I believe that the time and effort I devoted to this litigation was necessary to help achieve the Settlement for the Settlement Class.

2

11.     Accordingly, I respectfully request that the Court approve a payment to me in the amount of $7,500 as reimbursement for the time spent, and efforts I made, on behalf of the Settlement Class.  It is my belief that this request for reimbursement is fair and reasonable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____10/10/2025_____.

Signed by:

*John Valentine*

John Valentine

3