# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JOHN VALENTINE and PAUL O'RENICK, individually and on behalf of all others similarly situated, | Case No: 24-cv-02165-EFM |
| | CLASS ACTION |
| Plaintiffs, | |
| v. | |
| COMPASS MINERALS INTERNATIONAL, INC., KEVIN S. CRUTCHFIELD, EDWARD C. DOWLING, JR., LORIN CRENSHAW, JENNY HOOD and JAMES STANDEN, | |
| Defendants. | |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTIONS FOR: (I) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) AN AWARD OF ATTORNEYS' FEES, <u>REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARD TO PLAINTIFFS</u>**

**TABLE OF CONTENTS**

I.      INTRODUCTION AND HISTORY OF THE NOTICE PROGRAM ........................ 1

II.     ARGUMENT.................................................................................................... 3

  a.    The Reaction of the Class Strongly Supports Approval of the Settlement and the
        Plan of Allocation.................................................................................................. 3

    i.      The sole objection to final approval of the Settlement should be overruled ......... 6

  b.    The Reaction of the Class Strongly Supports Approval of the Requests for
        Attorneys' Fees, Litigation Expenses, and Awards to Plaintiffs ............................... 7

III.    CONCLUSION ................................................................................................ 9

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Merit Energy Co.,*
2019 WL 3378526 (D. Colo. Oct. 20, 2009) ................................................................. 7

*Barr v. Qwest Commn'cs Co., LLC,*
2013 WL 141565 (D. Colo. Jan. 11, 2013) ................................................................. 8

*Bodnar v. Bank of America, N.A.,*
2016 WL 4582084 (E.D. Pa. Aug. 4, 2016) ................................................................. 7

*Cox v. Sprint Commc'ns Co. L.P.,*
2012 WL 5512381 (D. Kan. Nov. 14, 2012) ................................................................. 8

*Dura Pharm. Inc. v. Broudo,*
544 U.S. 336 (2005) ................................................................................................ 6

*Fager v. CenturyLink Commc'ns, LLC,*
854 F.3d 1167 (10th Cir. 2016) ................................................................................ 3

*Florida Educ. Assoc. v. Dept. of Educ.,*
447 F.Supp.3d 1269 (N.D. Fla. 2020) ....................................................................... 7

*Hapka v. CareCentrix, Inc.,*
2018 WL 1871449 (D. Kan. Feb. 15, 2018) ................................................................. 7

*In re AT&T Corp. Sec. Litig.,*
2005 WL 6716404 (D.N.J. Apr. 25, 2005) ................................................................... 5

*In re Citigroup Inc. Sec. Litig.,*
965 F. Supp. 2d 369 (S.D.N.Y. 2013) ......................................................................... 5

*In re Crocs. Inc. Sec. Litig.,*
2014 WL 4670886 (D. Colo. Sept. 18, 2014) ............................................................ 7, 8

*In re Crocs, Inc. Sec. Litig.,*
306 F.R.D. 672 (D. Colo. 2014) .............................................................................. 4, 5

*In re Davita Healthcare Partners, Inc.,*
2015 WL 3582265 (D. Colo. June 5, 2015) ............................................................... 3, 4

*In re Thornburg Mortg., Inc. Sec. Litig.,*
912 F. Supp. 2d 1178 (D.N.M. 2012) .......................................................................... 4

*In re Whirlpool Corp.,*
2016 WL 5338012 (N.D. Ohio Sept. 23, 2016) ............................................................. 5

*Jackson v. Ash*,
2015 WL 751835 n.15 (D. Kan. Feb. 23, 2015)........................................................................ 3

*Loc. 295 IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l, Inc.*,
No. 2:22-CV-02432-EFM-ADM, 2025 WL 2180477 (D. Kan. July 31, 2025)......................... 3

*Maley v. Del Global Techs. Corp.*,
186 F. Supp. 2d 358 (S.D.N.Y. 2002) ..................................................................................... 5

*O'Dowd v. Anthem, Inc.*,
2019 WL 4279123 (D. Colo. Sept. 9, 2019)....................................................................... 4, 5, 8

*Oregon Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*,
2024 WL 98387 (D. Colo. Jan. 1, 2024) .................................................................................. 3

*Pearlstein v. BlackBerry Ltd.*,
2022 WL 4554858 (S.D.N.Y. Sept. 29, 2022) ......................................................................... 7

*Ponca Tribe of Indians of Okla. v. Continental Carbon Co.*,
2009 WL 2836508 (W.D. Okla. July 30, 2009) ....................................................................... 5

*Ramos v. Banner Health,*
2020 WL 6585849 (D. Colo. Nov. 10, 2020)........................................................................... 4

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
314 F.3d 1180 (10th Cir. 2002) ............................................................................................... 4

**Statutes**

15 U.S.C. §78u-4(a)(4) ............................................................................................................. 3

15 U.S.C. § 78u-4 ..................................................................................................................... 2

Lead Plaintiff John Valentine and Named Plaintiff Paul O'Renick (together, "Plaintiffs"), on behalf of themselves and the Settlement Class,[1] respectfully submit this memorandum of law in response to the objection to the settlement filed by a purchaser of 12 shares during the putative Class Period (Dkt. No. 44) (the "Objection") and in further support of their Motions for: (I) Final Approval of Class Action Settlement and Plan of Allocation (Dkt. No. 39), and (II) An Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Plaintiffs (Dkt. No. 41) (together, the "Motions").

## I.    INTRODUCTION AND HISTORY OF THE NOTICE PROGRAM

The reaction of the Settlement Class – often the best indicator of a proposed settlement's fairness and adequacy – confirms that the $4.9 million Settlement is an excellent result. On July 25, 2025, the Court entered an order preliminarily approving the Settlement and approving the proposed forms and methods of providing notice to the Class (the "Preliminary Approval Order"). Dkt. No. 35. As of November 11, 2025, the Court-appointed Claims Administrator, Strategic Claims Services – pursuant to the Preliminary Approval Order and utilizing information provided by Compass Minerals' transfer agent, brokerage firms, and other nominees – has sent notice to over ***46,395 potential Class Members***. Declaration of Josephine Bravata Concerning: (A) Mailing/Emailing of the Notice; (B) Publication of the Summary Notice; (C) Report on Requests for Exclusions and Objections; and (D) Claims Received to Date ("Bravata Dec."), Dkt. No. 43-1, ¶¶8, 15; *see also* Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing/Emailing of the Notice; (B) Report on Requests for Exclusions and Objections; and (C) Claims Received to Date, dated November 11, 2025 (or the "Supp. Bravata Dec."), filed herewith as Exhibit 1.

---

[1] Unless otherwise indicated, all capitalized terms have the same meanings as set forth in the Stipulation of Settlement (the "Stipulation"), Dkt. No. 33-1.

In addition, the Summary Notice was transmitted electronically over *GlobeNewswire* on August 24, 2025, and then transmitted electronically over *PR Newswire* on September 7, 2025. Brava Dec., ¶10; Ex. D. On August 8, 2025, important documents including the Long Notice and Claim Form, the Postcard Notice, the Preliminary Approval Order, and the Stipulation with exhibits; and Representative Filers documents such as the broker letter, the electronic filing instructions for common stock and options, and the electronic templates for common stock and options, were all posted on a dedicated website that SCS established for the case. Brava Dec., ¶12. On September 24, 2025, SCS updated the website to note the new courtroom for the Settlement Fairness Hearing. *Id*.

The Notice contains the information required by Rule 23(c)(2)(B) and the PSLRA, 15 U.S.C. § 78u-4, including: (i) an explanation of the nature of the Action and claims asserted; (ii) the definition of the Settlement Class; (iii) a description of the key terms of the Settlement, including the consideration amount and the releases to be given; (iv) the Plan of Allocation; (v) the Parties' reasons for proposing the Settlement; (vi) a description of the *maximum* attorneys' fees and expenses that will be sought; (vii) an explanation of Settlement Class Members' right to request exclusion from the Settlement Class and to object to the Settlement, the Plan of Allocation or the requested attorneys' fees or expenses; and (viii) notice of the binding effect of a judgment on Settlement Class Members. The Notice also provides: instructions for submitting a Claim Form in order to be eligible to receive a distribution from the Net Settlement Fund and relevant deadlines; and the contact information for Lead Counsel and SCS. *See* Bravata Dec., Ex. A (Long Notice).

Following implementation of the notice program and the dissemination of notice to over 46,395 potential Class Members, the reaction of the Class has been overwhelmingly positive: As of the date of this memorandum, no Settlement Class Members have requested exclusion from the

2

Settlement Class, and only one objection to the Settlement (holders of just 12 shares purchased within the putative Class Period) has been received along with over 14,177 Claim Forms. Bravata Dec. ¶15; Supp. Bravata Decl. ¶¶3, 6-8. In addition, no Class Member has objected to the request for an award of attorneys' fees and expenses, or the request for awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4). *See* Supp. Bravata Decl. ¶7.

While Plaintiffs' opening papers amply demonstrate why the Court should grant the Motions, the positive reaction of the Class further demonstrates that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses are fair and reasonable and should be approved.

## II.    ARGUMENT

### a.    The Reaction of the Class Strongly Supports Approval of the Settlement and the Plan of Allocation

The reaction of the Class is a significant factor to be weighed in considering the adequacy of a settlement. *See e.g., Loc. 295 IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l, Inc.*, No. 2:22-CV-02432-EFM-ADM, 2025 WL 2180477, at *2 (D. Kan. July 31, 2025) (J. Melgren) (identifying "no objections to the fees or expenses were filed by Class Members"); *Fager v. CenturyLink Commc'ns, LLC*, 854 F.3d 1167, 1175 (10th Cir. 2016) (finding no clear error in district court's conclusion that settlement was fair in part because "only a few class members opted out" and only one filed an objection); *Oregon Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*, 2024 WL 98387, at *5 (D. Colo. Jan. 1, 2024); *In re Davita Healthcare Partners, Inc.*, 2015 WL 3582265, at *3 (D. Colo. June 5, 2015). Courts recognize that a small number or an absence of objections to a settlement is indicative of its adequacy. *See, e.g., Jackson v. Ash*, 2015 WL 751835, at *3 n.15 (D. Kan. Feb. 23, 2015) (Melgren, J.) ("Though not controlling, 'a relatively small number of objectors can be taken as "some indication that the class members as a group did

3

not think the settlement was unfair.""") (citation omitted); *In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1206 (D.N.M. 2012) (settlement fair and reasonable where "there are only two objections and fourteen requests for exclusion out of 213,994 recipients of the Notice"); *O'Dowd v. Anthem, Inc.*, 2019 WL 4279123, at *14 (D. Colo. Sept. 9, 2019) (assertion that settlement is fair and reasonable "supported by the limited number of Settlement Class Members that opted-out of or objected to the Settlement"); *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1189 (10th Cir. 2002) ("the district court did not abuse its discretion in determining that the settlement, from which an extremely small percentage of class members opted out, was fair, reasonable and adequate"); *In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 691-92 (D. Colo. 2014) (settlement fair, reasonable, and adequate where "only 13 putative class members [out of approximately 300,000 notices sent] opted out or expressed an intent to do so").

Here, the Court-established deadline to submit a claim or to request exclusion was October 7, 2025, and the Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested award to Plaintiffs was October 21, 2025. Brava Dec., ¶13-15. Again, no Settlement Class Members have requested exclusion from the Settlement Class, and only one objection to the Settlement has been received along with over 14,177 Claim Forms. Bravata Dec. ¶15; Supp. Bravata Decl. ¶¶6-8. This overwhelmingly favorable response supports final approval of the Settlement. *See Ramos v. Banner Health,* 2020 WL 6585849, at *3 (D. Colo. Nov. 10, 2020); *In re Davita Healthcare Partners, Inc. Derivative Litig.,* 2015 WL 3582265, at *3 (D. Colo. June 5, 2015); *Crocs*, 306 F.R.D. at 692 ("'the favorable reaction of the Class supports approval of the proposed Plan of

4

Allocation'") (quoting *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002)); *O'Dowd*, 2019 WL 4279123, at *15 (same).[2]

Moreover, that no Class Member has objected to the Plan of Allocation supports the adequacy of the Plan. *See, e.g. In re Crocs, Inc. Sec. Litig.,* 306 F.R.D. 672, 692 (D. Colo. 2014) ("the favorable reaction of the Class supports final approval of the Plan of Allocation."); *Ponca Tribe of Indians of Okla. v. Continental Carbon Co.,* 2009 WL 2836508, at *2 (W.D. Okla. July 30, 2009) (approving plan of allocation where there were no objections to the settlement and only eight opt-outs out of approximately 1,800 class members).

It is especially noteworthy that no institutional investors or pension funds have objected to any aspect of the Settlement. That none of these sophisticated Class Members – who have the resources to carefully evaluate the Settlement and object if appropriate to do so – have objected provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement); *see also In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

---

[2] Whenever a large number of individuals and entities are provided notice of a class action settlement, comments or objections are all but inevitable. *See, e.g.*, *In re Whirlpool Corp.*, 2016 WL 5338012, at *21 (N.D. Ohio Sept. 23, 2016) (noting that objections are filed in "nearly every class action settlement today"). Yet, in this case, after dissemination of notice to over *46,395* potential Class Members, that only a single objection was received is remarkable, supporting approval. *See* Supp. Bravata Decl. ¶3.

### i.    The sole objection to final approval of the Settlement should be overruled

The sole objection to final approval of the Settlement, which is attached as Exhibit A to the Supp. Bravata Dec., reflects a basic misunderstanding of the case and should be overruled.

At the outset, although the claim form submitted with the Objection points to a holding of 618 shares of Compass Minerals, only 12 of those shares were acquired during the Class Period and are part of this case. *Id*. While the objectors might have realized a trading loss on shares acquired before the Class Period, depending on when they bought them, those shares were not damaged by the conduct that is at issue in this lawsuit. Only the 12 shares purchased during the Class Period were affected by Defendants' alleged misstatements and omissions, making them compensable here.

The Objection is also premised on a core misunderstanding of this case and securities litigation more generally. It complains that: "During the period in question February 8, 2023-March 26, 2024, the share price of Compass Minerals International declined over 61% of the share value ($40.78 to $15.74)." Supp. Bravata Dec., Ex. A. Although that may be a true statement of Compass Minerals' stock price over the thirteen-month Class Period, it is not a reflection of the damages that Plaintiffs allege are compensable here, because only losses attributable to the alleged misstatements may be recovered. *See Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 342 (2005). While the Class Period in this case is about thirteen months long, the only compensable loss occurred at the end, when the alleged truth was disclosed on March 25, 2024, and the stock price fell allegedly as a result of this disclosure. See Dkt. No. 24, Amended Complaint at ¶ 141 (Compass Mineral's stock fell $3.00 per share, or 17.09% on March 25, 2024, and 5.91% on March 26, 2024).

Courts regularly overrule objections similar to the one submitted here, where the entire objection is a generalized complaint that the settlement should be larger. *See Hapka v.*

*CareCentrix, Inc.*, 2018 WL 1871449 at \*4 (D. Kan. Feb. 15, 2018) (overruling a quantum-of-recovery objection noting, "It is true that something could always be added to every class action settlement to make it more favorable to class members, but that is not the standard by which class action settlements should be measured . . . the essence of settlement is compromise . . . ."); *see also Pearlstein v. BlackBerry Ltd.*, 2022 WL 4554858 at \*4 (S.D.N.Y. Sept. 29, 2022) ("Courts routinely overrule objections from class members that the anticipated relief they will receive under the settlement is too low"); *Bodnar v. Bank of America, N.A.*, 2016 WL 4582084 at \*4 (E.D. Pa. Aug. 4, 2016) (finding that the objector's contention regarding the average value of the settlement to class members was both factually incorrect and that "the complaint that a settlement should have somehow been better is not proper grounds for objecting to a settlement."); *Florida Educ. Assoc. v. Dept. of Educ.*, 447 F.Supp.3d 1269, 1277-78 (N.D. Fla. 2020) (holding that conclusory objections alleging inadequate settlement consideration, which fail to account for other pertinent considerations including the plaintiffs' risk of losing at trial, are insufficient). The Settlement is a highly beneficial result for the Class – as the overwhelmingly positive reaction of the Settlement Class demonstrates – and should be approved.

### b.    The Reaction of the Class Strongly Supports Approval of the Requests for Attorneys' Fees, Litigation Expenses, and Awards to Plaintiffs

The lack of objections also supports a finding that the request for attorneys' fees, litigation expenses, and award to Plaintiffs is fair and reasonable. *See, e.g., In re Crocs. Inc. Sec. Litig.,* 2014 WL 4670886, at \*5 (D. Colo. Sept. 18, 2014) (finding that lack of objections to the requested attorneys' fee "is significant and weighs in favor of the requested award"); *Anderson v. Merit Energy Co.,* 2019 WL 3378526, at \*4 (D. Colo. Oct. 20, 2009) ("The absence of any Class Members' objection is an additional factor that supports this Court's approval of the requested attorneys' fees."); *Barr v. Qwest Commn'cs Co., LLC,* 2013 WL 141565, at \*5 (D. Colo. Jan. 11,

7

2013) ("The absence of substantial objections or disapproval by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable.").

Here, the Notice informed potential Class Members that Lead Counsel would request an award of attorneys' fees not to exceed 33-1/3% of the Settlement Amount, and reimbursement of litigation expenses not to exceed $55,000. *See* Bravata Dec., Ex. A. In accordance with the Notice, Lead Counsel has requested an award of attorneys' fees of 33-1/3% of the Settlement Amount and reimbursement of $43,583.85 in litigation expenses. *See* Fee Memorandum, Dkt. No. 42 at 2. That no Class Member has objected to the requested fee and expense award weighs strongly in favor of approval. *See, e.g., O'Dowd*, 2019 WL 4279123, at *19 (litigation expense request reasonable "because there is no objection"); *In re Crocs, Inc. Sec. Litig.*, 2014 WL 4670886, at *5 (D. Colo. Sept. 18, 2014) (lack of objections to attorneys' fee request "is significant and weighs in favor of the requested award"); *Cox v. Sprint Commc'ns Co. L.P.*, 2012 WL 5512381, at *4 (D. Kan. Nov. 14, 2012) ("The absence of objections or disapproval by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable.").

Finally, Lead Counsel respectfully requests that each of the Plaintiffs receive PSLRA awards of $7,500 (or $15,000 in total), pursuant to 15 U.S.C. §78u-4(a)(4). *See* Fee Memorandum, Dkt. No. 42 at 14-15. The amount sought is less than the $17,500 provided for in the Notice, Bravata Dec. Ex. A, and is only about 0.3% of the Settlement Amount. Fee Memorandum, Dkt. No. 42 at 14. The lack of any objection to the requested Plaintiffs' awards supports approval of this request. *See, e.g., O'Dowd*, 2019 WL 4279123, at *20 ("given that no objection has been raised to Plaintiff's request, . . . the Court finds that an incentive award . . . is justified here, and therefore is approved").

## III.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiffs' opening papers, Plaintiffs respectfully request that the Court overrule the sole objection to the Settlement and grant final approval of the Settlement and Plan of Allocation, and grant the request for attorneys' fees, reimbursement of litigation expenses, and award to Plaintiffs.

Dated: November 10, 2025                          Respectfully submitted,

**HOLLIS LAW FIRM**

*/s/ Jason Chambers*
Jason Chambers, D. Kan. # 24927
8101 College Blvd., Ste 260
Overland Park, KS 66210
Telephone: (913) 385-5400
Fax: (913) 385-5402
Email: jason@hollislawfirm.com

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim (admitted pro hac vice)
Michael Cohen (admitted pro hac vice)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
             mcohen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Settlement Class*