**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| JOHN VALENTINE and PAUL O'RENICK, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>COMPASS MINERALS INTERNATIONAL, INC., KEVIN S. CRUTCHFIELD, EDWARD C. DOWLING, JR., LORIN CRENSHAW, JENNY HOOD and JAMES STANDEN,<br><br>      Defendants. | Case No: 24-cv-02165 |

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

This matter having come before the Court for a hearing on January 7, 2026 (the "Settlement Hearing"), on the motion of Lead Plaintiff John Valentine and Named Plaintiff Paul O'Renick ("Plaintiffs"), for an award of attorneys' fees, reimbursement of litigation expenses, and an award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) (Dkt. No. 41); the Court having considered all papers filed and proceedings had herein and otherwise being fully informed;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all parties to the Action, including each of the members of the Settlement Class.

3.    Notice of the Fee Motion was given to all members of the Settlement Class who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.    Lead Counsel are hereby awarded attorneys' fees of $1,633,333, which represents 33.3% of the Settlement Amount, plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in the amount of $43,583.85, plus accrued interest, which sums the Court finds to be fair and reasonable.

5.    Lead Plaintiff John Valentine and Named Plaintiff Paul O'Renick are each awarded $7,500 pursuant to 15 U.S.C. §78u-4(a)(4), related to their representation of the Class.

6.    The award of attorneys' fees and expenses shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of the Order and the Judgment, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated therein.

7.    In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Tenth Circuit and found that:

(a)    The Settlement has created a fund of $4,900,000 in cash, pursuant to the terms of the Stipulation, and members of the Settlement Class will benefit from the Settlement created by the efforts of Lead Counsel;

(b)     The fee sought by Lead Counsel has been reviewed and approved by the Plaintiffs, who were directly involved in the prosecution and resolution of the Action and who have substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)     The amount of attorneys' fees awarded hereby is fair and reasonable and consistent with fee awards approved in cases within the Tenth Circuit with similar recoveries;

(d)     Lead Counsel has prosecuted the Action and achieved the Settlement with skill and diligent advocacy, and is highly experienced in the field of securities class action litigation;

(e)     Lead Counsel expended substantial time and effort pursuing the Action on behalf of the Class;

(f)     Lead Counsel pursued the Action on a contingent basis;

(g)     The claims against Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(h)     The efforts of Lead Counsel resulted in an all-cash settlement at a stage in the proceedings that will permit members of the Settlement Class to benefit from the recovery without further delay or expense; and

(i)     Over 46,395 Notices went out to potential members of the Settlement Class stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 33-1/3% of the Settlement Amount and reimbursement of expenses not

to exceed $55,000, plus interest on such fees and expenses, and no objections to the fees or expenses were filed.

8.    Any appeal or challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

9.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.   There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

11.   Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses and Awards, Dkt. No. 41, is hereby GRANTED.

Dated: January 7, 2026

HON. ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE